UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PROTEGRITY CORPORATION AND
PROTEGRITY USA, INC., PATENT LITIGATION  MDL No. 2600


**TRANSFER ORDER**


**Before the Panel:**[*] Patentholders Protegrity Corp. and Protegrity USA, Inc., (collectively Protegrity) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this patent litigation in the District of Connecticut. Protegrity seeks centralization only for coordinated or consolidated *Markman* hearings. This litigation consists of seventeen actions, pending in six districts, as listed on Schedule A.[1]

The parties' positions on Protegrity's motion vary. Nine accused infringers[2] oppose centralization and, alternatively suggest that we select the Northern District of California as the transferee district. Two accused infringers (TokenEx, LLC and AJB Software Design, Inc.) take no position on centralization, but if the actions are centralized, they suggest selecting the Northern District of California as the transferee district. Finally, three accused infringers (Trustwave Holdings, Inc., PerspecSys USA, Inc., and Epicor Software Corp.) support centralization in either the District of Connecticut or the Northern District of California, but only if the litigation is not stayed pending potential Covered Business Patent review by the Patent Trial and Appeal Board.[3]

---

[*] Judge Lewis A. Kaplan did not participate in the decision of this matter.

[1] The motion for centralization initially included twenty actions, but Protegrity requested one action (the District of Connecticut *Gazzang* action) be removed as unrelated, and two other actions (District of Connecticut *Paymetric* and *TokenEx*) were dismissed. Also, the parties have notified the Panel of an additional related action pending in the District of Connecticut; this action, and any other related action, is a potential tag-along action. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Dataguise, Inc.; Corduro, Inc.; IPS Group, Inc.; Shift4 Corp.; Skyhigh Networks, Inc.; TransFirst LLC; Prime Factors, Inc.; Square, Inc.; and Informatica Corp.

[3] *See Informatica Corp. v. Protegrity Corp.*, CBM2015-00010 (P.T.A.B. Oct. 14, 2014); *Informatica Corp. v. Protegrity Corp.*, CBM2015-00021 (P.T.A.B. Nov. 6, 2014); *Square, Inc. v. Protegrity Corp.*, CBM2014-00182 (P.T.A.B. Aug. 29, 2014); *Square, Inc. v. Protegrity Corp.*, CBM2015-00014 (P.T.A.B. Oct. 24, 2014); *Epicor Software Corp. v. Protegrity Corp.*, CBM2015-00002 (P.T.A.B. Oct. 1, 2014); *Epicor Software Corp. v. Protegrity Corp.*, CBM2015-00006 (P.T.A.B. Oct. 7, 2014); *Epicor Software Corp. v. Protegrity Corp.*,

At issue in this litigation are two patents owned by Protegrity: U.S. Patent Nos. 6,321,201 ('201 patent) and 8,402,281 ('281 patent). The patents relate to a method and apparatus for protecting data within databases.

On the basis of the papers filed and hearing session held, we find that these seventeen actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve factual questions about the alleged infringement, validity and enforceability of the '201 and '281 patents. Centralization will eliminate duplicative discovery and prevent inconsistent pretrial rulings (particularly on issues of staying the litigation during possible Covered Business Patent review, claim construction and whether the patents involve unpatentable subject matter), as well as conserve the resources of the parties, their counsel and the judiciary.

The accused infringers that oppose centralization offer several arguments against centralization, all of which fail to convince us that centralization of this litigation is inappropriate. These parties argue that: centralization is premature because infringement contentions have not been exchanged in certain actions, the actions involve different accused infringing products and thus differing fact questions, and efficiency will not be served by centralization, given the pendency of certain dispositive motions. While infringement contentions have not been exchanged in most actions, Protegrity asserts that independent claims in the '201 patent (Claims 1 and 8) and '281 patent (Claims 1, 17, 33, and 47) will be the primary focus of the litigation. That the actions involve differing accused infringing products has not been an impediment to centralization in past litigation involving common patents.[4] Further, centralization will eliminate the potential for inconsistent rulings on several pending motions to dismiss willful or indirect infringement allegations and the two pending motions to dismiss based on unpatentable subject matter.

The opponents of centralization also argue that the history of settlements of these actions involving the Protegrity patents weighs in favor of denying centralization, citing our decision in *In re: Arrivalstar Patent Litigation*, 802 F. Supp. 2d 1378. *In re: ArrivalStar* is readily distinguishable from this litigation, as the patentholder opposed centralization and noted that it had "brought nearly 100 actions since it began bringing infringement suits in various districts across the country approximately seven years ago, and none of the actions thus far appear to have required significant

---

CBM2015-00030 (P.T.A.B. Nov. 25, 2014).

  [4] *See In re: Bear Creek Pat. Litig.*, 858 F. Supp. 2d 1375, 1379-80 (J.P.M.L. 2012) ("The Panel has often centralized litigation involving different products which allegedly infringe a common patent or patents. . . while the facts surrounding infringement in this litigation may vary from defendant to defendant, the actions will share substantial background questions of fact concerning the numerous anticipated arguments regarding the validity and enforceability of the '722 patent and implicating factual issues concerning such matters as the technology underlying the patent, prior art, priority (such as the contention that the patent was abandoned in 2003) and/or claim construction.").

judicial attention." *Id.* at 1379. Here, Protegrity spent years litigating against several defendants in the District of Connecticut. These now-closed cases needed significant judicial attention to address issues of claim construction and attacks on patent validity and required the appointment of a technical advisor at substantial cost to the parties. One of the prior actions even proceeded through the first week of trial.

We deny Protegrity's request to limit the centralized proceedings to claim construction. Our typical approach has been to decline to dictate the particular manner or course that pretrial proceedings should take. *See, e.g., In re: Cyclobenzaprine Hydrochloride Extended-Release Capsule Pat. Litig.*, 657 F. Supp. 2d 1375, 1376 (J.P.M.L. 2009) ("Our decision to centralize these actions in no way dictates or even suggests the particular manner or course of such proceedings; consistent with our typical practice, we leave those determinations to the transferee judge."). As Protegrity has failed to provide us with a good reason to deviate from this approach, we dedicate the determination of the exact structure of the MDL proceedings to the sound judgment of transferee judge.

We are of the view that the Northern District of California is the most appropriate transferee district for pretrial proceedings in this litigation. Several accused infringers are located in or near this district. Further, the Northern District of California is a Patent Pilot Program Court that has adopted local Patent Rules, and the district is highly familiar with complex technological patent litigation.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable James Donato for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell     Charles R. Breyer
Ellen Segal Huvelle     R. David Proctor
Catherine D. Perry

**IN RE: PROTEGRITY CORPORATION AND
PROTEGRITY USA, INC., PATENT LITIGATION**　　　　MDL No. 2600


**SCHEDULE A**


    Northern District of California

PROTEGRITY CORP. v. INFORMATICA CORP., C.A. No. 3:14‒02588
SKYHIGH NETWORKS, INC. v. PROTEGRITY CORP., C.A. No. 3:14‒03151
SQUARE, INC. v. PROTEGRITY CORP., C.A. No. 3:14‒03423
PROTEGRITY CORP. v. DATAGUISE, INC., C.A. No. 3:14‒04283

    Southern District of California

IPS GROUP, INC. v. PROTEGRITY CORP., C.A. No. 3:14‒00075

    District of Connecticut

PROTEGRITY CORP. v. PERSPECSYS USA, INC., C.A. No. 3:13‒01383
PROTEGRITY CORP. v. PRIME FACTORS, INC., C.A. No. 3:13‒01384
PROTEGRITY CORP. v. TRUSTWAVE HOLDINGS, INC., C.A. No. 3:13‒01409
PROTEGRITY CORP. v. AJB SOFTWARE DESIGN, INC., C.A. No. 3:13‒01484
PROTEGRITY CORP. v. EPICOR SOFTWARE CORP., C.A. No. 3:13‒01781
PROTEGRITY CORP. v. SHIFT4 CORP., C.A. No. 3:13‒01802
PROTEGRITY CORP., ET AL. v. CORDURO, INC., C.A. No. 3:14‒01076
SHIFT4 CORPORATION v. PROTEGRITY CORP., C.A. No. 3:14‒01427

    Northern District of Oklahoma

TOKENEX, LLC v. PROTEGRITY CORP., C.A. No. 4:14‒00445

    District of Oregon

PRIME FACTORS, INC. v. PROTEGRITY USA, INC., C.A. No. 6:14‒00476

    Northern District of Texas

TRANSFIRST, LLC v. PROTEGRITY CORP., ET AL., C.A. No. 3:14‒02727
CORDURO, INC. v. PROTEGRITY CORP., ET AL., C.A. No. 3:14‒02990