1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: PROTEGRITY CORPORATION
AND PROTEGRITY USA, INC., PATENT
LITIGATION

No.: 3:15-md-02600-JD

**JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED]
ORDER**

Date:            April 1, 2015
Time:            1:30 pm
Place:           Courtroom 11

Honorable James Donato

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

The Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011, and Civil Local Rule 16-9.

**1. <u>JURISDICTION & SERVICE</u>**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338, 2201 and 2202. Plaintiffs, Protegrity Corporation ("Protegrity") and Protegrity USA, Inc. ("PUSA")[1], do not dispute that this Court has personal jurisdiction over these matters. Issues of personal jurisdiction and venue exist as to certain Defendants relating to the courts from which the actions were transferred, which implicate the location of the trial following remand from the MDL. These matters were consolidated in this District under 28 U.S.C. § 1407 pursuant to the MDL No. 2600 Transfer Order. (Dkt. No. 1.) Each Defendant has been served.

**2. <u>FACTS</u>**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**Undisputed Facts:**

1. This action concerns U.S. Patent No. 8,402,281 ("the '281 Patent"), entitled "Data Security System for a Database," and U.S. Patent No. 6,321,201 ("the '201 Patent"), entitled "Data Security System for a Database Having Multiple Encryption Levels Applicable on a Data Element Value Level" (collectively "the Patents"), published copies of which are attached, for example, to *Protegrity Corp. v. Dataguise*, No. 3:14-cv-04283 (Dkt. No. 1).[2]

_____

[1] PUSA is a party to certain actions and it is disputed at least to some of those actions whether PUSA has standing. Protegrity Corporation intends to seek leave to add its wholly-owned subsidiary, Protegrity USA, Inc., as a Party-Plaintiff to all cases where Protegrity USA, Inc. is not a listed party.

[2] Protegrity has also accused Trustwave of infringing U.S. Patent Nos. 7,325,129 ("the '129 Patent"), 7,490,248, ("the '248 patent"), and 6,963,980 ("the '980 patent") in *Protegrity Corp v. Trustwave Holdings, Inc.*, No. 3:15-cv-00969-JD. It is Defendants' position that these patents are not related to the '201 and '281 patents, do not implicate common issues across multiple defendants and do not form the basis for the MDL transfer order. The Defendants request that this portion of the case be stayed pending resolution of the disputes associated with the '201 and '281 patents. In the

2.      Protegrity Corp. is located in the Cayman Islands.

3.      Protegrity USA, Inc. is located in Stamford, Connecticut.

4.      This consolidated action consists of sixteen parties opposing Protegrity and, in some instances, also opposing PUSA (collectively, "Defendants")[3] as follows:

a.  Informatica    Corporation    ("Informatica"),    a    Delaware    corporation headquartered in Redwood City, California.

b.  Dataguise, Inc. ("Dataguise"), a Delaware corporation headquartered in Fremont, California.

c.  Square, Inc. ("Square"), a Delaware corporation headquartered in San Francisco, California.

d.  Skyhigh Networks, Inc. ("Skyhigh"), a Delaware corporation headquartered in Campbell, California.

e.  IPS Group, Inc. ("IPS"), a California corporation headquartered in San Diego, California.

f.  Prime Factors, Inc. ("Prime Factors"), a Georgia corporation with its principal place of business and headquarters in Eugene, Oregon.

g.  Shift4 Corporation ("Shift4"), a Nevada corporation headquartered in Las Vegas, Nevada.

alternative, the Defendants, other than Trustwave, request that these patents be placed on a separate track such that claim construction briefing on these patents occurs independently of the '201 and '281 patents and a separate claim construction hearing is scheduled.  Protegrity objects to this request.  It is Protegrity's position that the Patents involve similar technology with the '129, '248, and '980 Patents.  Therefore, it is Protegrity's position that the Parties would benefit from conducting claim construction of all patents at a single time (which Protegrity successfully did in previous litigation with three other defendants in a consolidated claim construction hearing).

[3]  For ease of reference, declaratory judgment plaintiffs are referred to herein as Defendants and Protegrity is referred to as Plaintiff.  In addition, Protegrity Corporation and Protegrity USA, Inc. are both described herein as the Plaintiff even though Protegrity USA, Inc. is not a plaintiff in half of the actions.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

h.  Perspecsys Inc. ("Perspecsys"), a privately held Corporation, incorporated in the state of Delaware, with headquarters in Virginia, USA, and Mississauga, Canada.

i.  Epicor Software Corporation ("Epicor"), a Delaware corporation headquartered in Austin, Texas.

j.  AJB Software Design, Inc. ("AJB"), a Canadian corporation headquartered in Mississauga, Canada.

k.  TransFirst, LLC ("TransFirst"), a Delaware Limited Liability Company with a principal place of business in Broomfield, Colorado and executive headquarters in Dallas, Texas.

l.  Corduro, Inc. ("Corduro"), a Texas corporation headquartered in Southlake, Texas.

m.  Trustwave Holdings, Inc. ("Trustwave"), a Delaware corporation headquartered in Chicago, Illinois.

n.  TokenEx, LLC ("TokenEx"), an Oklahoma corporation headquartered in Tulsa, Oklahoma.

o.  Netskope, Inc. ("Netskope"), a Delaware corporation headquartered in Los Altos, California.

p.  Vaultive, Inc. ("Vaultive"), a Delaware corporation headquartered in Boston, Massachusetts.

**Disputed Factual Issues:**

1.  Whether or not Protegrity owns the Patents and has standing.

2.  Whether or not PUSA is an exclusive licensee to the Patents and has standing.

3.  Whether any Defendants directly and/or indirectly infringe any claim of the Patents.

4.  Whether or not Protegrity has been damaged by any Defendants' alleged infringement and, if so, whether or not Protegrity is entitled to a reasonable royalty and/or lost profits.

5.    Whether or not Protegrity is entitled to injunctive relief, damages, and attorneys' fees and/or costs.

6.    Whether this is an exceptional case under 35 U.S.C. § 285.

7.    The identification of any other relief to which Defendants and/or Protegrity are entitled.

8.    Whether or not Protegrity is in the business of making and selling, among other things, data security systems.

9.    Whether the Patents are valid or invalid and/or enforceable or unenforceable based on failure to meet the requirements set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

10.    Whether the Patents are valid or invalid and/or enforceable or unenforceable or whether Protegrity's claims are barred based on additional defenses to be asserted by Defendants in their answers (laches, waiver, etc.).

11.    Whether or not Protegrity developed software embodying the patented features of the Patents.

12.    Whether any damages are limited pursuant to 35 U.S.C. § 287(a).

## 3. LEGAL ISSUES

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

The principal legal issues that the Parties dispute are:

1.    The proper construction of the terms in the asserted claims of the Patents;

2.    As to each Defendant, whether the Defendant directly infringes one or more claims of the Patent under 35 U.S.C. §271; [7]

---

[7] Protegrity has not yet responded to the Prime Factors and Square declaratory judgment actions and, thus, has not yet asserted whether it contends those Defendants infringe.  In addition, Protegrity has answered the Skyhigh, TransFirst, and IPS declaratory judgment actions, but has not counterclaimed with any allegations of infringement. Once the stay is lifted in Skyhigh, Protegrity intends to amend its answer to include a counterclaim for infringement. Moreover, Protegrity filed a new action alleging infringement against Skyhigh in Connecticut.  It has not yet amended its answer in the first-filed Skyhigh declaratory judgment action because that case was stayed.  Additionally, Protegrity purports to have sought technical information from Defendants, including IPS, and will assert infringement as counterclaims in any case that infringement is not yet alleged if the investigations reveal infringement.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

3. As to each Defendant accused of indirect infringement, whether the Defendant indirectly infringes one or more claims of the Patent under 35 U.S.C. §271;

4. As to each Defendant accused of willful infringement, whether, under the circumstances of this case, any infringement found to exist by that Defendant was willful;

5. Whether the claims of the Patents are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

6. Whether Protegrity's claims of patent infringement are barred by the doctrine of laches, equitable estoppel, and/or waiver;

7. As to each Defendant, if liability is established, whether Protegrity is entitled damages in the form of a reasonable royalty and/or lost profits, and whether such damages are limited by 35 U.S.C. § 286-288 and/or 28 U.S.C. § 1498 and, if so, to what extent;

8. As to each Defendant, if liability and damages are established, to what extent Protegrity is entitled to recover enhanced damages;

9. As to each Defendant, if liability is established, whether Protegrity has established facts and/or a legal basis sufficient to permit the Court to grant equitable or injunctive relief against the Defendant under 35 U.S.C. § 283; and

10. Whether any of the Parties are entitled to recover attorneys' fees and costs associated with this lawsuit.

**4.** **MOTIONS**
*All prior and pending motions, their current status, and any anticipated motions.*

**Plaintiffs' position:**

Protegrity is amenable to early resolution of Dataguise's and Prime Factors'[5] § 101 Motions to Dismiss, so long as all Defendants join in the motion and are subject to the doctrine of collateral estoppel and claim preclusion in any attempt to present the issue afterwards. Protegrity strongly

---

5 **Protegrity's Position**: In Prime Factors' Renewed Motion to Dismiss the First Amended Complaint, Prime Factors' argument regarding Section 101 is identical to Dataguise's Motion to Dismiss under Section 101.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  opposes staying this matter on the basis of the §101 Motion. Joinder of all Defendants in these two §

2  101 Motions to Dismiss would be the most expedient use of the Court's time and resources.

3      Protegrity further objects to staying this action pending Covered Business Method Patent

4  ("CBM") Review.  Only one of the CBM Petitions directed to only one of the patents-at-issue has

5  been granted for review and both the Petitioner (Square) and the Patent Owner (Protegrity) have

6  filed requests for rehearing of that decision.  No decision on any of the '201 Patent CBM Petitions

7  has been issued and it is speculative as to if the PTAB would even grant review of this more narrow

8  and more extensively previously examined patent.  Additionally, the litigation should not be stayed

9  based on the work of only three of the defendants when none of the other defendants have agreed to

10  be subject to the estoppel provisions of the CBM reviews under 35 U.S.C. 325(e).

11      Protegrity intends to file motions to compel against all Defendants that it has served

12  discovery regarding joint defense agreements, as in some cases, that issue has been pending for

13  many months and not yet resolved.   Additionally, Protegrity is considering filing at least one motion

14  for preliminary injunction and hereby reserves the right to file motions for preliminary injunctions

15  against any Defendant.

16      Lastly, although Epicor's Motion to Stay was granted by a Magistrate, Protegrity filed

17  objections to the Magistrate's ruling, which objections are still pending.  Protegrity intends to file a

18  motion for this Court to rule on the pending Objections.

19  **Defendants' position:**

20      Defendants highlight several motions here that promote the efficient resolution of this action.

21  Given that the actions were initiated at differing times in various forums, there are a host of pending

22  motions.  Moreover, Defendants have adopted different litigation strategies.  For example, certain

23  defendants filed petitions for CBM Review and subsequently moved to stay their respective actions.

24  Other defendants filed motions to dismiss pursuant to 35 U.S.C. § 101 on the ground that the Patents

25  are directed to patent-ineligible subject matter.  Still others have moved to dismiss their actions for

26  lack of personal jurisdiction or dismiss certain of the claims for failure to state a claim.  Defendants

27  suggest that the Court address the motions to stay and/or Dataguise's dispositive motion to dismiss

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    before addressing the other motions.  Defendants further believe that discovery should remain stayed

2    pending resolution of the motions to stay and/or the dispositive motion to dismiss.

3      Defendants, other than Dataguise, believe that the Court should address the motions to stay

4    first and stay this case pending CBM Review.[6]  Informatica, Square, and Epicor have initiated CBM

5    Review of the '281 and '201 Patents and the first petition for CBM Review was instituted on March

6    5, 2015, as to all claims of the '281 Patent, including based upon a finding that all claims are invalid

7    as directed to patent-ineligible subject matter.  The deadline for the Patent Appeal and Trial Board to

8    issue decisions on institution on the remaining petitions for CBM Review ranges between April 23,

9    2015, and June 10, 2015.  Informatica, Square, and Epicor filed Motions to Stay pending their

10   respective CBM Reviews.  The District of Connecticut granted Epicor's Motion to Stay on

11   December 16, 2014 (Dkt. No. 72) and Epicor believes this stay should remain in place.  The Square

12   and Informatica actions were stayed pending the MDL proceeding before briefing was complete on

13   their motions to stay.  Perspecsys also has a fully-briefed motion for stay pending based upon the

14   CBM Reviews filed by Informatica, Square, and Epicor.  Defendants request guidance from the

15   Court regarding resolution of the motions to stay, including the timing for a hearing and preferred

16   approach for submitting the briefing.

17     Dataguise requests that its fully briefed Motion to Dismiss pursuant to Section 101 be heard

18   first, on a date that is convenient for the Court, as a potentially dispositive matter.  The motion has

19   been fully briefed since November and multiple hearing dates set.  A hearing was set for February

20   13, 2015, but was taken off-calendar on February 9, 2015, following the MDL transfer order in

21   response to a request from Protegrity indicating that other defendants may be interested in joining or

22   filing their own motions to dismiss pursuant to Section 101.  At this time, no other Defendant

23   foresees filing a motion to dismiss pursuant to Section 101.

24     Prime Factors has filed a motion to dismiss for lack of personal jurisdiction; the court granted

25   discovery on the motion and held an evidentiary hearing on the motion to dismiss on February 4,

26   _____

27   [6] Dataguise believes the Court should address its dispositive motion to dismiss first, and takes no
     position on the motions to stay.

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

2015.  The motion to dismiss for lack of personal jurisdiction relates to whether Protegrity has standing under Connecticut's long-arm statute to bring suit in Connecticut.  For example, in the order granting Dataguise's motion to transfer, Judge Bryant commented that "[i]t should also be noted that since the Plaintiff is a foreign corporation, it is doubtful whether it could avail itself of the Connecticut Long Arm Statutes; a prerequisite for this Court to exercised personal jurisdiction over Defendant."  *Protegrity Corporation v. Dataguise, Inc.*, No. 3:14-cv-04283, Dkt. No. 56 (D. Ct. Sept. 3, 2014).  Judge Meyer has already invested significant resources in evaluating this issue and holding a hearing on the motion.  As this is a point of law specific to Connecticut, Prime Factors intends to file a motion with this Court to request remand to Judge Meyer for the sole purpose of deciding the motion to dismiss for lack of personal jurisdiction.  Resolution of this motion by Judge Meyer could provide helpful insight to this Court as other Defendants may file similar motions.  For example, Vaultive may also file a similar motion should this case not be stayed.

Similarly, Corduro filed a motion to dismiss for lack of personal jurisdiction on January 13, 2015.  After Protegrity's first request to take jurisdictional discovery, the court stayed discovery and the court did not rule on Protegrity's second request to take jurisdictional discovery prior to the case being transferred in the MDL.  The motion to dismiss relates to whether Corduro has sufficient contacts with Connecticut for the court to exercise personal jurisdiction over Corduro.  Connecticut's laws as to sufficient contacts, particularly as to Internet websites, differ from most forums.  Since this is a point of law specific to Connecticut and Judge Shea is already familiar with the motion, Corduro intends to file a motion with this Court to request remand to Judge Shea for the sole purpose of deciding the motion to dismiss for lack of personal jurisdiction.

**Decided/Pending/Anticipated motions**:

- Motion to Stay and Objections to Stay

| Movant | Motion | Date Filed | Status |
|---|---|---|---|
| Epicor | Protegrity's Objections to the Magistrate's Ruling on Multiple Pending Motions including Motion to Stay | 12/30/14 | Reply filed 1/6/2015; case transferred to N.D. CA before ruling issued. |
| Informatica | Motion to Stay Pending Covered Business Method Review | 11/12/14 | Stayed pending MDL determination; motion and |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

|  |  |  | opposition papers submitted, but action stayed before reply due. (Dkt. Nos. 75, 79, 82.) |
|--|--|--|---|
| Perspecsys | Motion to Stay Pending Covered Business Method Review | 12/23/14 | Fully briefed. (Dkt. Nos. 84, 85, 86, 87, 88.) |
| Square | Motion to Stay Pending Covered Business Method Review | 10/28/2014 | Stayed pending MDL determination; motion and opposition papers submitted, but action stayed before reply due. (Dkt. Nos. 22, 23, 24 in 3:14-cv-03423-JD |

- Motion to Dismiss on the ground that the Patents are invalid under 35 U.S.C. § 101

| Movant | Motion | Date Filed | Status |
|--------|--------|-----------|--------|
| Dataguise | Motion to Dismiss on the ground that the Patents in Suit are invalid under 35 U.S.C. § 101 | 10/23/14 | Fully briefed and ready for argument and decision. |
| Prime Factors | Prime Factors filed a motion to dismiss that addressed multiple grounds, including lack of patentable subject matter. A decision on the personal jurisdiction aspect of the motion would moot the remaining grounds, including the Section 101 argument. | 11/12/14 | Judge Meyer conducted an evidentiary hearing and oral argument on 02/04/15 that focused on the jurisdictional issues. (15-cv-00968- JD Docket No. 89). |

- Motion to Dismiss for Lack of Personal Jurisdiction

| Movant | Motion | Date Filed | Status |
|--------|--------|-----------|--------|
| Corduro | Motion to Dismiss for Lack of Personal Jurisdiction | 01/13/15 | Fully briefed. |
| Prime Factors | (1) Defendant Prime Factors, Inc.'s Renewed Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Personal Jurisdiction, Improper Venue, or Alternatively, to Transfer the Case to Proper Venue, and Failure to State a Claim for Which Relief May Be Granted and Motion to Dismiss Based on Lack of Patentable Subject Matter and Notice of | (1) 11/12/14 | (1) Judge Meyer conducted an evidentiary hearing and oral argument on 02/04/15 (15-cv-00968- JD Docket No. 89). |

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | | |
|---|---|---|---|
| | Incorporation and Adoption (15-cv-00968- JD Docket No. 76)[7] | | |
| | (2) Defendant Protegrity USA, Inc.'s Motion to Dismiss and Alternative Motion to Transfer Venue and Memorandum of Law in Support (15-cv-00929-JD Docket No. 12) | (2) 06/16/14 | (2) Stayed pending resolution of motion to dismiss in Connecticut |
| Skyhigh | (1) Motion to Dismiss or In the Alternative, to Transfer to the Northern District of California under First-to-File rule and 28 U.S.C. §1404. | (1) 01/28/15 | (1) Stayed pending MDL determination; motion and opposition papers submitted, but action stayed before reply due. (Case No. 3:14-cv-01814-AWT Dkt Nos. 16, 17, 18, 19, 22) |
| | (2) Amended Complaint filed by Protegrity Corp. | (2) 02/18/15 | (2) Action stayed before Skyhigh's answer to the amended complaint was due. (Case No. 3:14-cv-01814-AWT Dkt No. 23) |
| TokenEx | Protegrity's Motion to Dismiss and Alternative Motion to Transfer | 12/29/14 | Discovery on personal jurisdiction over Protegrity in the Northern District of Oklahoma was pending prior to transfer. TokenEx proposes that its date for responding to Protegrity's Motion be set for 90 days following the lifting of the stay on discovery in this case. |

- Motion to Dismiss Indirect/Willful Infringement Claims

| Movant | Motion | Date Filed | Status |
|---|---|---|---|
| Informatica | Motion to Dismiss Protegrity's Claims of Indirect and Willful Infringement | 1/23/14 | Stayed pending MDL determination; fully briefed. (Dkt. Nos. 27, 33, 36, 82.) |

---

[7]  This is the third motion to dismiss that Prime Factors has filed. The initial motion to dismiss was filed on March 24, 2014 (15-cv-00968 Docket No. 33). The second motion to dismiss was filed on August 15, 2014, following plaintiff's amendment of the complaint and the addition of PUSA as a party plaintiff (15-cv-00968 Docket No. 59). After scheduling a hearing on the motions to dismiss, the Connecticut Court denied both motions with leave to renew on September 30, 2014 (15-cv-00968 Docket No. 70). Prime Factors has also moved to dismiss Protegrity's claims for indirect and willful infringement and under Section 101.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Prime Factors | Prime Factors filed a motion to dismiss that addressed multiple grounds, including for failure to state a claim as to indirect and willful infringement. A decision on the personal jurisdiction aspect of the motion would moot the remaining grounds. | 11/12/14 | Judge Meyer conducted an evidentiary hearing and oral argument on 02/04/15 that focused on the jurisdictional issues. (15-cv-00968- JD Docket No. 89). |
|---|---|---|---|
| Trustwave | Motion to Dismiss Plaintiff's Indirect and Willful Infringement Allegations for Failure to State a Claim | 03/06/14 | Pending |
| Skyhigh | Skyhigh filed a motion to dismiss that addressed multiple grounds, including for failure to state a claim as to indirect and willful infringement. A decision on the motion to dismiss under the first-to-file rule would moot the issues relating to the remaining grounds. | 01/28/15 | Stayed pending MDL determination; motion and opposition papers submitted, but action stayed before reply due. (Case No. 3:14-cv-01814-AWT Dkt Nos. 16, 17, 18, 19, 22). |
| AJB | Motion to Dismiss Protegrity's Claims for Indirect Infringement, Willful Infringement and Induced Infringement | 03/04/14 | Granted by Judge Chatigny on February 3, 2015. |

- Miscellaneous Motions

| Movant | Motion | Date Filed | Status |
|---|---|---|---|
| Corduro | Corduro intends to file a motion for suggestion for remand to Judge Shea for a decision on the motion to dismiss for lack of personal jurisdiction. | N/A | N/A |
| Prime Factors | (1)Plaintiffs' Protegrity Corporation and Protegrity USA, Inc.'s Motion to Seal Plaintiffs' Licensing/Board Resolutions Documents (15-cv-00968-JD Docket No. 76)<br><br>(2) Prime Factors intends to file a motion for suggestion for remand to Judge Meyer for a decision on motion to dismiss for lack of personal jurisdiction. | (1) 02/05/15 | (1) Stayed after transfer and entry of case management order before a response was due (15-cv-00968- JD Docket Nos. 90, 93) |

**Prior substantive motions and their outcomes**:

| Movant | Motion | Date Filed | Outcome |
|---|---|---|---|
| Dataguise | Motion to Dismiss or Transfer | 11/1/13 | Case transferred to the Northern District of |

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

| Movant | Motion | Date Filed | Outcome |
|---|---|---|---|
| Epicor | (1) Epicor's Motion for Protective Order | (1) 04/29/14 | California (Dkt. No. 56.) (1) Granted in large part on 8/6/14 (Dkt. No. 40.) |
| | (2) Epicor's Motion to Compel Protegrity to Disclose its Infringement Contentions | (2) 07/31/14 | (2) Denied without prejudice to renew 12/16/14 (Dkt. No. 72.) |
| | (3) Protegrity's Motion to Compel Document Production | (3) 09/16/14 | (3) Denied without prejudice to renew 12/16/14 (Dkt. No. 72.) |
| | (4) Epicor's Motion for Expedited Status Conference | (4) 09/17/14 | (4) Denied without prejudice as moot (Dkt. No. 72.) |
| | (5) Epicor's Motion to Stay Litigation Pending Covered Business Method Reviews | (5) 09/17/14 | (5) Granted 12/16/14 (Dkt. No.72.)[8] |
| | (6) Epicor's Motion for Protective Order and Motion to Quash Plaintiff's Subpoena | (6) 12/1/14 | (6) Granted solely with respect to the timing of the deposition in light of stay imposed (Dkt, No. 72.) |
| | (7) Protegrity's Emergency Motion to Compel Epicor to Produce Bruce Schneier for Deposition | (7) 12/11/14 | (7) Denied without prejudice to renew 12/16/14 (Dkt. No. 72.) |
| Informatica | (1) Motion to Transfer Venue | (1) 01/23/14 | (1) Case transferred to the Northern District of California. (Dkt. No. 43.) |
| | (2) Motion to Dismiss Protegrity's Complaint Under Rule 12(B)(1) for Lack of Standing, or in the Alternative, to Stay the Action | (2) 02/27/14 | (2) Motion withdrawn on October 9, 2014. (Dkt. No. 71.) |
| PerspecSys | (1) Motion to stay pending Voltage trial and pending covered business method review; | (1) 12/24/13 | (1) Case stayed until May 1, 2014 pending Voltage trial. (Dkt. No. 41.) |

---

[8] Epicor's Motion to Stay was granted by a Magistrate. On December 30, 2014, Protegrity filed its Objections to the Ruling [*See* Dkt. 73] and on January 6, 2015, Epicor filed its Response to Protegrity's Objections to the Ruling [*See* Dkt. 76].  Those objections are still pending and Protegrity intends to file a motion to have this Court rule on the Objections.

| Movant | Motion | Date Filed | Outcome |
|--------|--------|------------|---------|
| | (2) Renewed motion to stay pending covered business method review; | (2) 4/22/14 | (2) Motion withdrawn due to settlement on 5/12/14 (Dkt. No. 57.) |
| | (3) Renewed Motion to stay pending covered business method review; | (3) 5/28/14 | (3) Motion withdrawn due to settlement on 7/7/14 (Dkt. No. 64.) |
| | (4) Motion to stay pending MDL transfer. | (4) 11/17/14 | (4) Motion denied without prejudice on 12/10/14 (Dkt. No. 82.) |
| Prime Factors | (1) Defendant Prime Factors, Inc.'s Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction, Improper Venue, or Alternatively, to Transfer the Case to Proper Venue, and Failure to State a Claim for Which Relief May Be Granted (15-cv-00968 Docket No. 33) | (1) 03/24/14 | (1) Denied with leave to renew on September 30, 2015 (15-cv-00968 Docket No. 70) |
| | (2) Defendant Prime Factors, Inc.'s Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction, Improper Venue, or Alternatively, to Transfer the Case to Proper Venue, and Failure to State a Claim for Which Relief May Be Granted (15-cv-00968 Docket No. 59) | (2) 08/15/14 | (2) Denied with leave to renew on September 30, 2015 (15-cv-00968 Docket No. 70) |
| | (3) Defendant Prime Factors, Inc.'s Emergency Motion for Protective Order by Prime Factors, Inc. (15-cv-00968 Docket No. 51) | (3) 07/25/14 | (3) Granted on July 29, 2014 (15-cv-00968 Docket No. 53) |
| | (4) Plaintiff Protegrity Corporation's Emergency Motion for Clarification on Order on Motion for Protective Order (15-cv-00968 Docket No. 54) | (4) 08/01/14 | (4) Granted on August 4, 2014 (15-cv-00968 Docket No. 56) |
| | (5) Plaintiff Protegrity Corporation and Protegrity USA, Inc.'s Motion to Seal Confidential Version of Plaintiffs' Response in Opposition to Motion to Dismiss 1st Amended Complaint and Exhibits B, D, E, F, and G (15-cv- | (5) 09/05/14 | (5) Denied with leave to renew on September 9, 2014 (15-cv-00968 Docket No. 63) |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Movant | Motion | Date Filed | Outcome |
|--------|--------|------------|---------|
| | 00968 Docket No. 61) | | |
| | (6) Joint Motion to Seal (Renewed) Exhibits to Responses/Replies to Motion to Dismiss (15-cv-00968 Docket No. 64) | (6) 09/19/14 | (6) Granted on September 22, 2014 (15-cv-00968 Docket No. 68) |
| | (7) Defendant Prime Factors, Inc.'s Unopposed Emergency Motion to Stay Regarding Order on Motion to Dismiss (15-cv-00968 Docket No. 72) | (7) 10/08/14 | (7) Granted on October 9, 2014 (15-cv-00968 Docket No. 73) |
| | (8) Joint Motion to Seal Plaintiffs' [Confidential] Opposition to Defendant's Renewed Motion to Dismiss (15-cv-00968 Docket No. 78) | (8) 12/03/14 | (8) Granted on December 4, 2014 (15-cv-00968 Docket No. 79) |
| TokenEx | In addition to the action transferred to this Court from the Northern District of Oklahoma, an action by Protegrity was filed against TokenEx in the District of Connecticut, Case No. 3:13-cv-1719 (MPS), concerning the '281 and '201 Patents. | 1/14/15 | Dismissed for lack of personal jurisdiction over TokenEx on 1/14/15. |

## 5. **AMENDMENT OF PLEADINGS**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

In accordance with the Court's Consolidation and Case Management Order, the parties have considered the filing of a consolidated amended complaint by Protegrity in this action. The parties agree that a consolidated amended complaint will not lead to the efficient administration of this action. Defendants in this action include multiple declaratory judgment plaintiffs and, in a number of those lawsuits, Protegrity has either not responded or has not included counterclaims of infringement. As such, Protegrity has not alleged infringement as a cause of action in each of the lawsuits. Protegrity has sought technical information from Defendants and will assert infringement as counterclaims if the investigations reveal infringement. Although Protegrity Corporation intends to seek leave to add its wholly-owned subsidiary, Protegrity USA, Inc., as a Party-Plaintiff to all

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

cases where Protegrity USA, Inc. is not a listed party, currently, both Protegrity entities are not the same in each lawsuit and the filing of a consolidated amended complaint could potentially lead to additional motions concerning which Protegrity entity has standing to maintain the action and is properly a party to the action.  In addition, a consolidated amended complaint would require the re-filing of motions to dismiss that are fully briefed and, potentially, have already been resolved. Finally, these actions were transferred from courts throughout the United Sates and, pursuant to 28 U.S.C. § 1407, shall be remanded back to the transferor forum for purposes of trial and pre-trial proceedings.  A consolidated amended complaint introduces new issues relating to jurisdiction for trial that will complicate rather than simplify this action.

Defendants, whose cases did not originate in this District, take the position that should Protegrity file a consolidated amended complaint, the filing of such consolidated amended complaint and/or any responsive pleadings, shall not act as a waiver of jurisdictional defenses or a consent to try the case in transferor court or waiver of remand.  To preserve the right to return the case to the appropriate transferee court following pre-trial proceedings, any party may elect to file a notice of non-consent that shall preserve that party's automatic right to remand and prevent waiver of remand or consent to try in the transferor court.

## 6.  EVIDENCE PRESERVATION

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The Parties have agreed to work cooperatively regarding the exchange of electronically stored information ("ESI") and intend to comply with the Court's Standing Order for E-Discovery and Email Discovery in patent cases.  In particular, the Parties have taken appropriate steps to preserve all evidence that may be relevant to the issues in the present action.  The Parties will submit an agreed upon ESI order by **May 13, 2015**.

## 7.  DISCLOSURES

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

Protegrity proposes that the deadline to exchange Initial Disclosures shall be on or before: **April 1, 2015.**  Defendants propose that the deadline to exchange Initial Disclosures shall be on or before:  **June 10, 2015**.

**8. <u>DISCOVERY</u>**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

<u>Discovery Taken</u>:  Discovery is currently stayed pursuant to the Court's Consolidation and Case Management Order.  (Dkt. No. 3.)  No discovery has been taken in the vast majority of the cases.  Some discovery has been taken in the Perspecsys, Epicor, Shift4, TransFirst, IPS and Trustwave actions.  Additionally, limited jurisdictional discovery has been taken in the Prime Factors and TokenEx actions.  Protegrity believes that discovery should be open immediately after the Case Management Conference on April 1, 2015.  Defendants believe discovery should remain stayed pending resolution of the motions to stay and/or the dispositive motion to dismiss.

Protegrity has sought discovery regarding joint defense agreements among the Defendants in a number of the cases and intends to seek the same discovery in any case in which it has not been propounded.  Additionally, Protegrity seeks to compel those Defendants that have not yet produced discovery response to the requests regarding joint defense agreements.  Defendants object to Protegrity's discovery regarding "joint defense agreements."

<u>Scope of Anticipated Discovery</u>:  With respect to the Parties' claims and defenses, the Parties expect that discovery will be needed on at least the following subjects:  the structure and operation of and any instructions relating to the accused products; Defendants' customers for the accused products; financial information relating to Defendants' respective accused products; Defendants respective knowledge of Protegrity, the Patents, and Protegrity's research related to the Patents; any products or services allegedly practicing the Patents, including any Protegrity products or services; substantial noninfringing use and/or noninfringing alternatives for the technology claimed in the Patents; notice and/or marking with the number of the Patents; evidence of secondary indicia of nonobviousness of the Patents; date of alleged invention and reduction to practice of the Patents;

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

steps taken and disclosures and statements made during prosecution of the Patents, including any reexaminations; prior art pertaining to the Patents; first disclosure, sale and public use of the technology claimed in the Patents; any licenses or attempted licenses covering the Patents and/or corresponding technology; the extent to which Protegrity will claim commercial success of the technology claimed in the Patents; demand for the technology claimed by the Patents; competition and market share for the technology claimed in the Patents; Protegrity's manufacturing and marketing capabilities with regard to any Protegrity products or services allegedly practicing the Patents; financial information related to any Protegrity products or services allegedly practicing the Patents; information related to Protegrity's alleged lost profits; information related to Protegrity's request for injunctive relief, including alleged irreparable harm, inadequacy of legal remedies, and public interest factors; and communications between Defendants and Protegrity.

Defendants also expect to request the deposition of the inventor, Ulf Dahl. Defendants understand that Ulf Dahl currently resides in Sweden and is no longer associated with Protegrity. Defendants will, therefore, need to seek his deposition in accordance with the Hague Convention. Mr. Dahl has not previously been deposed in any of the earlier actions brought by Protegrity.

It is Protegrity's position that the Parties will need to create a discovery process for the production of source code. Protegrity is willing to use the order regarding the production of source code that was entered in the Epicor case. [*See* Dkt 45]. Notably, Protegrity requests a rushed resolution of this issue so that it can include a review of Defendants' source code in its initial infringement contentions.

<u>Proposed Limitations or Modifications of the Discovery Rules</u>: The Parties intend to comply with the Court's Standing Order for E-Discovery, Email Discovery in patent cases and Consolidation and Case Management Order. In addition, in view of the Court's Consolidation and Case Management Order (Dkt. No. 28), Defendants propose the following as a part of their discovery plan; however, Protegrity objects to the 14 hours to depose the inventor, the limit to 100 hours of depositions of third parties, to Defendants getting 17 hours each to depose Protegrity's experts, to the restriction that no single day of deposition last more than 7 hours, and the added time for translation deposition:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- **Requests for Admission and for Documents**: There will be no limits beyond those set forth in FRCP 36 and 34 for requests for admissions and for requests for production. To the extent there will be common requests for admission and for documents, the Parties intend to coordinate.

- **Depositions**:

  - Defendants are willing to treat Protegrity USA, Inc. as a party in all actions solely for purposes of counting deposition hours, and Protegrity will treat Protegrity USA, Inc. as a party for purposes of service of deposition notices and document requests.

  - Defendants will be entitled to a maximum of 120 hours of deposition of Protegrity. This 120 hours includes a maximum of 21 hours of 30(b)(6) deposition of Protegrity for common issues amongst Defendants and 14 hours of 30(b)(6) deposition of Protegrity for non-common issues for each Defendant.

  - Protegrity will be entitled to a maximum of 30 hours of deposition of each Defendant, including a maximum of 14 hours of 30(b)(6) deposition of each Defendant.

  - Each side is entitled to 100 hours of third party depositions, not including expert or inventor depositions.[9] Each inventor of the Patents may be deposed for up to 14 hours each collectively by Defendants.[10] As previously noted, Defendants believe the inventor, Ulf Dahl, is located in Sweden and Defendants will need to seek his deposition in accordance with the Hague Convention.

  - Each Defendant shall be entitled to take up to 7 hours of deposition of each expert per Defendant-specific issue (e.g., infringement, damages, invalidity issues pertaining to a defendant or defendants) that submits a report or may testify on that issue concerning that Defendant. In addition, Defendants collectively shall be entitled to take up to 7 hours of deposition of each expert on common issues (e.g., validity issues relating to all Defendants) that submits a report or may testify on that issue plus each Defendant may take up to an addition 3 hours of deposition of the expert on that issue, if needed.[11]

  - **Defendants' position**: each party shall be entitled to take up to 7 hours of deposition of each expert per Defendant-specific issue (e.g., noninfringement, damages) that submits a report or may testify on that issue concerning that Defendant. In the event an expert submits a report or may testify on behalf of more than one Defendant on Defendant-specific issues (e.g., noninfringement, damages), Protegrity shall be entitled to 7 hours of deposition of the expert plus up to an additional 3 hours of deposition for each addition Defendant, if

---

[9] Protegrity objects to this restriction.

[10] Protegrity objects to this restriction.

[11] Protegrity objects to this restriction.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

needed.  In addition, Protegrity shall be entitled to take up to 7 hours of deposition of each expert on common issues (*e.g.*, validity, unenforceability) that submits a report or may testify on the common issue.

- **Protegrity's Position**: each party shall be entitled to take up to 7 hours of deposition of each expert, per the Federal Rules of Civil Procedure. Should additional time be warranted, the parties shall meet and confer and failing resolution, seek resolution from the Court.

- There will be no limits on the number of depositions and no single day of deposition testimony shall last more than 7 hours.[12]

- The number of hours charged to a party taking a deposition where the witness testifies in a language other than English shall be fifty percent (50%) the amount of actual time spent on the record.[13]

- **Interrogatories**:

  - Each side will be entitled to 20 common interrogatories and each party will be entitled to 15 individual interrogatories.  To the extent interrogatories have already been served in certain actions and Protegrity has responded to those interrogatories, those interrogatories shall count as individual interrogatories.  Defendants in those actions will be permitted to join the 20 common interrogatories and, if the number of interrogatories already served exceeds 10, serve up to 10 additional individual interrogatories.

  - An interrogatory directed toward all asserted patents and/or all accused products will count as a single interrogatory.  An interrogatory directed toward all allegedly invalidating prior art references and obviousness combinations will count as a single interrogatory.

- **Electronic Service**: The Parties agree to accept service by e-mail to established e-mail distribution lists, with hard copies to follow by overnight mail upon request.

- **Privilege Log**:  Attorney-client privileged materials communicated between counsel of record and client after the filing of this lawsuit and/or work product materials generated after the filing of this lawsuit need not be included on a privilege log.

- **Stipulated Protective and E-Discovery Orders**: A protective order and ESI order will be required and the Parties are working in good faith to prepare proposed orders for the Court.

- **Experts**: Defendants do not believe that one or more experts under Federal Rule of Evidence 706 is necessary at this time.  Protegrity has not yet determined whether one or more experts under Federal Rule of Evidence 706

---

[12] Protegrity objects to this restriction.

[13] Protegrity objects to this restriction.

is necessary at this time.

- **Communications with Experts**:  Communications between an expert witness for any party and the party's attorneys will be protected to the extent provided under Federal Rule of Civil Procedure 26(b)(4)(C), except that "considered" is replaced by "relied upon" in Federal Rule of Civil Procedure 26(b)(4)(C)(ii). In addition, for the purposes of this case, the provisions of Federal Rule of Civil Procedure 26(b)(4)(C) shall be modified to protect communications between an expert witness for any party and the party to the same extent that it protects communications between an expert witness for any party and the party's attorneys, where "considered" is replaced by "relied upon" in Federal Rule of Civil Procedure 26(b)(4)(C)(ii).

- **Service on Protegrity USA, Inc.**:  Protegrity's counsel agrees to accept service of legally valid discovery requests for corporate depositions, documents and other discovery on Protegrity USA, Inc. including in those cases in which it is not a party.

## 9.  CLASS ACTIONS

*If a class action, a proposal for how and when the class will be certified.*

N/A.

## 10.  RELATED CASES

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

The consolidated and tag-along cases in the Northern District of California for pretrial proceedings are:

| Case Name | Case No. | Date Filed |
|---|---|---|
| Protegrity Corp. v. AJB Software Design, Inc. | 3:15-cv-00857-JD | Oct. 9, 2013 |
| Protegrity Corp. et al. v. Corduro, Inc. | 3:15-cv-00825-JD | July 28, 2014 |
| Corduro, Inc. v. Protegrity Corporation et al. | 3:15-cv-00801-JD | Aug. 20, 2014 |
| Protegrity Corp. v. Dataguise, Inc. | 3:14-cv-04283-JD | May 17, 2013 |
| Protegrity Corp. v. Epicor Software Corp. | 3:15-cv-00858-JD | Dec. 2, 2013 |
| Protegrity Corp. v. Informatica Corp. | 3:14-cv-02588-JD | Sept. 25, 2013 |
| IPS Group, Inc. v. Protegrity Corp. | 3:15-cv-00802-JD | Jan. 10, 2014 |
| Protegrity USA, Inc. et al v. Netskope, Inc. | 3:15-cv-01065-JD | Feb. 18, 2015 |
| Protegrity Corp. v. Perspecsys USA, Inc. | 3:15-cv-00967-JD | Sept. 23, 2013 |
| Prime Factors, Inc. v. Protegrity USA, Inc. | 3:15-cv-00929-JD | March 24, 2014 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

| Protegrity Corp. v. Prime Factors, Inc. | 3:15-cv-00968-JD | Sept. 23, 2013 |
|---|---|---|
| Shift4 Corp. v. Protegrity Corp. | 3:15-cv-00860-JD | Oct. 25, 2013 |
| Protegrity Corp. v. Shift4 Corp. | 3:15-cv-00859-JD | Dec. 4, 2013 |
| Skyhigh Networks, Inc. v. Protegrity Corp. | 3:14-cv-03151-JD | July 11, 2014 |
| Protegrity Corp. et al. v. Skyhigh Networks, Inc. | 3:14-cv-01814-JD | Dec. 3, 2014 |
| Square, Inc. v. Protegrity Corp. | 3:14-cv-03423-JD | July 28, 2014 |
| TokenEx, LLC v. Protegrity Corp. | 3:15-cv-00826-JD | July 31, 2014 |
| TransFirst, LLC v. Protegrity Corp. et al. | 3:15-cv-00803-JD | July 30, 2013 |
| Protegrity Corp v. Trustwave Holdings, Inc. | 3:15-cv-00969-JD | Sept. 25, 2013 |
| Protegrity USA, Inc. et al v. Vaultive, Inc. | 3:15-cv-01066-JD | Feb. 18, 2015 |

In addition, a declaratory judgement complaint was filed on March 20, 2015, against Protegrity in this Court, *Vormetric, Inc. v. Protegrity Corp.*, No. 3:15-cv-01320-JD, that has not yet been added as a tag-along case.

## 11. RELIEF

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Protegrity asserts that it is entitled to collect its lost profits. Alternatively, Protegrity asserts that it is entitled to collect a reasonable royalty for Defendants' infringements.

**Lost Profits**: For its lost profits, Protegrity will request all "but for" profits lost by Protegrity due to Defendants' infringement during the entire infringing period.

**Reasonable Royalty**: For reasonable royalty, Protegrity will apply the factors set forth in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

Additionally, Protegrity seeks preliminary and permanent injunctive relief and alleges that these are "exceptional" cases under 28 U.S.C. §285 entitling it to an aware of treble damages, attorneys' fees and costs.

Defendants seek a judgment declaring that they have not infringed and are not now infringing, directly or indirectly, literally or by equivalents, or willfully any valid claim of the Patents. Defendants further seek a judgment declaring that the claims of the Patents are invalid. Defendants seek an order enjoining Protegrity from making any claims that Defendants infringe the Patents or instituting or prosecuting any lawsuit or proceeding which places at issue Defendants' right to make, use, or sell the products that allegedly infringe the Patents. Finally, Defendants requests that the Court adjudge this case as exceptional, and, upon such a judgment, reward Defendants their costs, expenses, and attorneys' fees incurred in bringing and prosecuting this action.

## 12.  SETTLEMENT AND ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Pursuant to L.R. 3-5, all Parties, except for those listed below, have not met and conferred regarding early settlement and the ADR process selection and have not filed their Stipulation to the ADR process.

- Protegrity and Informatica participated in mediation before the Honorable Edward Infante on January 15, 2015, which was unsuccessful.

- Protegrity and Epicor participated in a settlement conference before the Honorable Joan Margolis on June 18, 2014, which was unsuccessful.

- Protegrity and Square have agreed to private mediation before the Honorable Edward Infante.

- IPS has participated in two mediations with Protegrity. IPS has been engaged in an extended early neutral evaluation with Protegrity and Protegrity requests the Court continue that process. The parties negotiated a Source Code Protective Order, which Magistrate Judge Crawford has entered. The next step in the ENE process was to allow Protegrity to inspect IPS' source. Protegrity requests the case be transferred back to Magistrate Crawford in San Diego solely for the purpose of overseeing the remainder of the ENE. IPS does not believe that partial remand to Magistrate Judge Crawford would be productive at this juncture.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

- Skyhigh and Protegrity filed an ADR certification on October 1, 2014, and have engaged in informal settlement discussions, but have not reached agreement.
- AJB has had settlement conferences with Protegrity and has one scheduled for May 5, 2015 in front of Magistrate Garfinkel in the D. of CT.

## 13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*  **____** YES  **__X__** NO

The Parties do not consent to proceed before a magistrate judge.

## 14.  OTHER REFERENCES

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

These cases were transferred to the Northern District of California pursuant to the Judicial Panel on Multidistrict Litigation's order of February 6, 2015, or because they are tag-along actions as defined in Rule 1.1(h) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

## 15.  NARROWING OF ISSUES

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Protegrity is unaware of any matters that may be narrowed by agreement and disagrees with Defendants' position regarding the narrowing of issues based on the CBM Reviews. Protegrity requests that claim construction be limited to no more than 8 terms per patent and disagrees with Defendants' request that it should be limited to asserting only 20 claims across all defendants.

Defendants believe the CBM Reviews filed by Square, Informatica, and Epicor, will narrow, or eliminate, the issues in this case.  Defendants further believe that limiting Protegrity to asserting 20 unique claims across all Defendants in advance of claim construction will narrow the issues in this case.

## 16.  EXPEDITED TRIAL PROCEDURE

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

This action is not appropriate for the Expedited Trial Procedure, especially in light of the large number of consolidated actions.

**17. <u>SCHEDULING</u>**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

**Protegrity's Position**:  Protegrity objects to Defendants' proposed schedule, especially to the extent it delays claim construction activity.  Protegrity is willing to delay the scheduling a few weeks only if Defendants are willing to make their source code available on an expedited basis so that Protegrity can incorporate its review of the source code into its respective infringement contentions. Protegrity disagrees that this case should be delayed pending the CBM Petitions and the motions to stay and/or dispositive motions. Therefore, Protegrity proposes the following schedule:

**Defendants' Position**: Defendants request guidance from the Court should decide the motions for stay and/or hear Dataguise's potentially dispositive and fully briefed Motion to Dismiss pursuant to 35 U.S.C. § 101 as a preliminary matter..  Defendants also request guidance from the Court on the timing for a hearing and/or briefing on the motions to stay and have not included proposed dates in the schedule.  Defendants have proposed a schedule that permits resolution of these motions and takes into consideration Prime Factors's request for suggestion for remand and the timing for a deposition of the inventor.

The parties, therefore, offer the following competing scheduling proposals:

| Event | Protegrity's Proposal | Defendants' Proposal |
|---|---|---|
| Section 101 Motion Hearing | | To be discussed with the Court |
| Deadline to file tag-along cases | | May 13, 2015 |
| ESI order | | May 13, 2015 |
| Hearing on the motions for stay | | To be discussed with the Court |
| Initial Disclosures Pursuant to Rule 26(A)(1) | April 1, 2015 | June 10, 2015 |
| Protegrity's PLR 3-1 and 3-2 Disclosures | April 15, 2015 | September 9, 2015 |

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| Hearing on pending motions not already resolved[814] | | September 23, 2015, if convenient for the Court |
| Defendant's PLR 3-3 and 3-4 Disclosures | June 1, 2015 | November 11, 2015 |
| Exchange of Proposed Terms for Construction | June 15, 2015 | November 24, 2015 |
| Exchange of Claim Constructions and Extrinsic Evidence | July 6, 2015 | December 18, 2015 |
| Joint Claim Construction Statement | July 31, 2015 | January 22, 2016 |
| Completion of Claim Construction Discovery | August 31, 2015 | February 17, 2016 |
| Opening Claim Construction Briefs | September 14, 2015 | March 2, 2016 |
| Responsive Claim Construction Briefs | September 28, 2015 | March 30, 2016 |
| Reply Claim Construction Briefs | October 5, 2015 | April 6, 2016 |
| Amended, Final Joint Claim Construction Statement (if necessary) | October 5, 2015 | April 13, 2016 |
| Claim Construction Tutorial | 1 – 2 weeks before Claim Construction Hearing | April 21, 2016, if convenient for the Court |
| Claim Construction Hearing | October 9, 2015 | April 28, 2016 if convenient for the Court |
| Further Case Management Conference, if deemed necessary, to discuss, among other things, the filing of | TBD, per Paragraph 14 of the Court's Standing Order for Patent Cases | |

[814] Defendants' Position:  To the extent briefing on any pending motion is not complete, the parties will file an opposition on 21 days before the hearing, on September 2, if necessary, and a reply 14 days before the hearing, on September 9.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

| dispositive motions, post-claim construction discovery and other pre-trial matters | |
|---|---|

## 18.  TRIAL

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The Parties request separate jury trials for each action following remand, where applicable, to the respective transferor districts.  The Parties expect the length of each of their trials to be 5-14 days.

## 19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Protegrity has filed a Certificate of Interested Entities in the following cases:

- *Protegrity Corporation v. Informatica,* Case No.: 3:14-cv-02588 [Dkt. 2] – no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock.

- *Skyhigh Networks, Inc. v. Protegrity Corporation,* Case No.: 3:14-cv-03151 [Dkt. 21] – no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock. Protegrity Corporation and Protegrity USA have an interest in the subject matter in controversy.

- *Protegrity Corporation and Protegrity USA, Inc. v. Skyhigh Networks, Inc.,* Case No.: 3:15-cv-00861 [Dkt. 12] - no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock. Protegrity Corporation is Protegrity USA's parent corporation.

- *Square, Inc. v. Protegrity Corporation,* Case No.: 3:14-cv-03423 [Dkt. 21] - no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock. Protegrity Corporation and Protegrity USA have an interest in the subject matter in controversy.

- *Protegrity Corporation v. Perspecsys USA, Inc.,* Case No.: 3:15-cv-00967 [Dkt. 2] - no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock.

- *Protegrity Corporation v. Prime Factors, Inc.,* Case No.: 3:15-cv-00968 [Dkt. 2] – no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock.

- *Prime Factors, Inc. v. Protegrity USA, Inc.,* Case No.: 3:15-cv-00929 [Dkt. 14] –

Protegrity Corporation is Protegrity USA's parent corporation. Protegrity USA is not a publicly held company and no publicly held corporation owns 10% or more of Protegrity Corporation's stock.

- *Protegrity Corporation v. Epicor Software Corporation.*, Case No.: 3:15-cv-00858 [Dkt. 2] – no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock.

- *Protegrity Corporation v. Shift4 Corporation,* Case No.: 3:15-cv-00859 [Dkt. 2] – no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock.

- *Shift4 Corporation v. Protegrity Corporation,* Case No.: 3:15-cv-00860 [Dkt. 24] – Xcelera, Inc. owns 100% of Protegrity Corporation.  Protegrity intends to file a Corrected Certificate of Interested Entities by **April 15, 2015**.

- *Protegrity Corporation and Protegrity USA, Inc. v. Corduro, Inc.,* Case No.: 3:15-cv-00825 [Dkt. 8] - no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock. Protegrity Corporation is Protegrity USA's parent corporation.

- *Corduro, Inc. v. Protegrity Corporation and Protegrity USA, Inc.,* Case No.: 3:15-cv-00801 [Dkt. 15] - no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock. Protegrity Corporation is Protegrity USA's parent corporation. Protegrity Corporation and Protegrity USA have an interest in the subject matter in controversy.

- *TokenEx, LLC v. Protegrity Corporation,* Case No.: 3:15-cv-00826 [Dkt. 15] – no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock.

- *Transfirst, LLC v. Protegrity Corporation and Protegrity USA, Inc.,* Case No.: 3:15-cv-00803 [Dkt. 7] - no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock. Protegrity Corporation is Protegrity USA's parent corporation. Protegrity Corporation and Protegrity USA have an interest in the subject matter in controversy.

- *Protegrity Corporation and Protegrity USA, Inc. v. Netskope, Inc.,* Case No.: 3:15-cv-01065 [Dkt. 9] - no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock. Protegrity Corporation is Protegrity USA's parent corporation.

- *Protegrity Corporation and Protegrity USA, Inc. v. Vaultive, Inc.,* Case No.: 3:15-cv-01066 [Dkt. 9] – no parent company or publicly held corporation owns 10% or more of Protegrity Corporation's stock. Protegrity Corporation is Protegrity USA's parent corporation.

- Protegrity has not filed a Certificate of Interested Entities in *IPS Group, Inc. v. Protegrity Corporation,* Case No.: 3:15-cv-00802, but agrees to file it by **April 15, 2015**.

The following Defendants have filed their Certification of Interested Entities:

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- Square – Dkt. No. 7, Case No. 3:14-cv-03423-JD (July 30, 2014) – No parent company or publicly held corporation owns 10% or more of Square's stock. As stated in its Certification of Interested Entities (Dkt. No. 7), pursuant to Civil Local Rule 3-15, the undersigned certifies that as of this date, other than Square and its shareholders, Square has no such interest to report.

- Informatica – Dkt. No. 5, Case No. 3:14-cv-02588-JD (September 25, 2013) – No parent company or publicly held corporation owns 10% or more of Informatica's stock. As stated in its Corporate Disclosure Statement filed in the District of Connecticut, pursuant to CT Local Rule 7.1, Informatica's Counsel of Record certifies that as of that date, Informatica has no such interest to report.

- Corduro—Dkt. No. 3, Case No. 3:14-cv-02990-N (August 20, 2014). No parent company or publicly held corporation owns 10% or more of Corduro's stock. Google Ventures 2010 L.P. has a financial interest in the outcome of this controversy.

- TransFirst—Dkt. No. 2, Case No. 3:14-cv-02727-N (July 30, 2014). No publicly held corporation owns 10% or more of TransFirst's stock. TransFirst's parent corporations are: TransFirst Holdings, Inc.; TransFirst Parent Corp.; TransFirst Inc.; Tych Holdings, LLC; Tyche Finance, LLC; Tyche Topco, Inc.; Vista Equity Partners Fund V, L.P.; VEPF V FAF, LP Vista Equity Partners Fund V Executive, L.P.; Vista Equity Associates V, LLC; Vista Equity Partners Fund V.-A, L.P.; and Vista Equity Partners Fund V-B, L.P. The following entities have a financial interest in the outcome of this controversy: Welsh, Carson, Anderson and Stowe X, L.P.; Tommy Rouse.

- Epicor—Dkt. No. 16, Case No. 3:13-cv-01781-VAB (January 7, 2014). Epicor's parent company is EGL Holdco, Inc., a subsidiary of Eagle Midco, Inc., which is a subsidiary of Eagle Topco, LP. There is no publicly held corporation that owns 10% or more of Epicor's stock.

- Prime Factors – No parent company or publicly held corporation owns 10% or more of Prime Factors' stock. As stated in its Certification of Interested Entities (3:15-cv-00929-JD Dkt. No. 2), pursuant to Civil Local Rule 3-15, the undersigned certifies that as of this date, other than Prime Factors and its shareholders, Prime Factors has no such interest to report.

- Trustwave – Defendant Trustwave Holdings, Inc. ("Trustwave") states that Trustwave has no parent corporation and that there is no publicly held corporation that owns 10% or more of Trustwave's stock. Pursuant to Civil Local Rule 3-15, the undersigned certifies that as of this date, other than Trustwave and its shareholders, Trustwave has no such interest to report.

- TokenEx - No parent company or publicly held corporation owns 10% or more of TokenEx's ownership units. As stated in its Certification of Interested Entities filed of record in the action in the Northern District of Oklahoma, pursuant to ND OK Local Rule LCvR 7.1, TokenEx's Counsel of Record certifies that as of this date, other than TokenEx and its unitholders, TokenEx has no such interest to report.

- Perspecsys – Dkt. No. 24, Case No. 3:14-cv-01383-JAM (November 18, 2013) – Perspecsys Corp., a privately held Canadian Corporation, is wholly

owned subsidiary of Perspecsys, Inc.  No parent company or publicly held corporation owns 10% or more of Perspecsys's stock.  Pursuant to Civil Local Rule 3-15, the undersigned certifies that as of this date, other than Perspecsys, Perspecsys Corp., and their shareholders, Perspecsys has no such interest to report.

The remaining Defendants agree to file their Certification of Interested Entities or Persons on before **April 15, 2015**.

## 20.  PROFESSIONAL CONDUCT

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record __X__ have ____ have not reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21.  OTHER

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The following CBM Reviews have been filed concerning the '281 and '201 Patents:

| Patent | Date Filed | Movant | Action | Status |
|---|---|---|---|---|
| '281 | 08/29/14 | Square | Square, Inc. v. Protegrity Corp., CBM2014-00182 | CBM Instituted on March 5, 2015 as to all claims. |
| '201 | 10/24/14 | Square | Square, Inc. v. Protegrity Corp., CBM2015-00014 | Pending; deadline to issue a decision on institution due May 5, 2015 |
| '281 | 10/14/14 | Informatica | Informatica Corp. v. Protegrity Corp., CBM2015-00010 | Pending; deadline to issue a decision on institution due May 13, 2015 |
| '201 | 11/06/14 | Informatica | Informatica Corp. v. Protegrity Corp., CBM2015-00021 | Pending; deadline to issue a decision on institution due June 2, 2015 |
| '201 | 10/01/14 | Epicor | Epicor Software Corp. v. Protegrity Corp., CBM2015-00002 | Pending; deadline to issue a decision on institution due April 23, 2015 |
| '281 | 10/07/14 | Epicor | Epicor Software Corp. v. Protegrity Corp., CBM2015-00006 | Pending; deadline to issue a decision on institution due April |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | | | 30, 2015 |
|---|---|---|---|---|
| '201 | 11/25/14 | Epicor | Epicor Software Corp. v. Protegrity Corp., CBM2015-00030 | Pending; deadline to issue a decision on institution due June 10, 2015 |
| '281 | 04/15/2013 | Voltage | Voltage Security, Inc. v. Protegrity Corp., CBM2015-00002 | CBM Instituted on November 1, 2013. Case subsequently settled and dismissed |
| '281 | 05/07/14 | Phoenix | Phoenix Payment Systems, Inc. v. Protegrity Corp., CBM2015-00014 | Settled and dismissed |

## 22.  PATENT L.R. 2-1(B) REQUIREMENTS

*When the parties confer pursuant to Fed. R. Civ. P. 26(f), in addition to the matters covered by Fed. R. Civ. P. 26, the parties shall discuss and address in the Case Management Statement filed pursuant to Fed. R. Civ. P. 26(f) and Civil L.R. 16-9, the following topics:*

(1)    Proposed Modification of the Obligations or Deadlines Set Forth in the Patent Local Rules:  The Parties have included modifications to the obligations or deadlines set forth in the Patent Local Rules to allow resolution of the motions for stay and/or dispositive motion to dismiss, to ensure fulsome disclosures, and to allow Defendants sufficient time to coordinate on filings and with Protegrity to minimize issues to be presented to the Court.  Protegrity disagrees with this modification as discussed above.

(2)    Scope and Timing of Claim Construction Discovery: Defendants assert that it is too early for the Parties to know whether claim construction discovery and/or the use of experts for claim construction will benefit this case.  Defendants propose that the Parties will meet and confer regarding any necessary claim construction discovery as the case progresses.  Proposed deadlines for claim construction discovery have been included in the proposed schedule.  Protegrity objects to the delayed claim construction activity, especially because the '201 Patent[15] has previously been construed in prior litigation; therefore, claim construction activity should not be overly burdensome.

---

[15]  **Protegrity's Position**:  The '281 Patent is a continuation of the '201 Patent and is not patentably distinct from the '201 Patent.  Additionally, the patents share a common specification.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    (3)    <u>Claim Construction Hearing</u>:  The Parties anticipate the Claim Construction Hearing

2   will take no more than three hours in accordance with the Court's Standing Order for Patent Cases

3   before Judge James Donato.   The Parties will meet and confer regarding any of the logistics

4   associated with the Claim Construction Hearing as the case progresses and may raise certain issues

5   with the Court at the time of the tutorial.

6    (4)    <u>Technology Tutorial</u>:  The Parties propose a technology tutorial be presented to the

7   Court prior to claim construction in accordance with the Court's Standing Order for Patent Cases

8   before Judge James Donato.

9

10

11  Dated: March 25, 2015                                   */s/ Stefan V. Stein*
                                                            Woodrow H. Pollack, *admitted pro hac vice*
12                                                          Florida Bar No.: 026802
                                                            Stefan V. Stein, *admitted pro hac vice*
13                                                          Florida Bar No.: 300527
                                                            Kristin L. Shusko, *admitted pro hac vice*
14                                                          Florida Bar No.: 85400
                                                            GRAYROBINSON, P.A.
15                                                          401 E. Jackson Street, Suite 2700
                                                            Tampa, FL 33602
16                                                          (813) 273-5000
                                                            (813) 273-5145 (facsimile)
17                                                          woodrow.pollack@gray-robinson.com
                                                            stefan.stein@gray-robinson.com
18                                                          kristin.shusko@gray-robinson.com
19
                                                            Scott D. Gattey (SBN 180875)
20                                                          GATTEY LAW OFFICE
                                                            1001 Laurel Street, Suite C
21                                                          San Carlos, CA 94070
                                                            (650) 596-7123 (direct)
22                                                          (877) 269-4437 (facsimile)
                                                            scott@gatteylaw.com
23

24                                                          *Counsel for Plaintiffs*

25  Dated: March 25, 2015                                   */s/ Paulo L. Sousa*

26

27

28

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

John Bovich (SBN 15068)
Jonah Mitchell (SBN 203511)
Paulo Sousa (SBN 288705)
REED SMITH, LLP
101 Second street, Suite 1800
San Francisco, CA 94105
(415) 543-8700
(415) 391-8269 (facsimile)
jbovich@reedsmith.com
jmitchell@reedsmith.com
psousa@reedsmith.com

*Counsel for Defendant*
Informatica Corporation

Dated: March 25, 2015    */s/ Ryan Smith*
            Stefani E. Shanberg (State Bar No. 206717)
            Robin L. Brewer (State Bar No. 253686)
            Eugene Marder (State Bar No. 275762)
            WILSON SONSINI GOODRICH & ROSATI
            Professional Corporation
            One Market Plaza
            Spear Tower, Suite 3300
            San Francisco, California  94105
            Telephone:   (415) 947-2000
            Facsimile:   (415) 947-2099
            E-Mail:  sshanberg@wsgr.com
                rbrewer@wsgr.com
                emarder@wsgr.com

Ryan R. Smith (State Bar No. 229323)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 493-9300
Facsimile:   (650) 493-6811
E-Mail:  rsmith@wsgr.com

Attorneys for Declaratory Judgment Plaintiff
SQUARE, INC.

Dated: March 25, 2015    */s/ Carl Anderson, Jr.*
            Jack N. Sibley, admitted *pro hac vice*
            Georgia Bar No. 644850
            Carl H. Anderson, Jr., admitted *pro hac vice*
            Georgia Bar No. 016320
            HAWKINS PARNELL THACKSTON
            & YOUNG LLP
            4000 SunTrust Plaza

303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Telephone (404) 614-7400
Telecopier (404) 614-7500
jsibley@hptylaw.com
canderson@hptylaw.com
*Counsel for Prime Factors, Inc.*

Dated: March 25, 2015        */s/ Robert K. Pezold*

Robert K. Pezold, OBA No. 7100
Joseph C. Woltz, OBA No. 14341
PEZOLD BARKER & WOLTZ
2431 East 61st Street, Suite 200
Tulsa, OK 74136
(918) 584-0506
(918) 584-0720 (facsimile)
(rpezold@pbwtulsa.com)
(jwoltz@pbwtulsa.com)

*Counsel for TokenEx, LLC*

Dated: March 25, 2015        */s/ Teresa M. Summers*

Teresa M. Summers
Virginia Bar No. 66003
Summers Law Group LLP
300 New Jersey Avenue, NW
Suite 900
Washington, DC 20001
Tel:  (202) 664-0926
tsummers@summerslg.com

*Attorneys for Defendant Perspecsys USA, Inc.*

Dated: March 25, 2015        */s/ William J. Cass*

William J. Cass, ct12806
wcass@cantorcolburn.com
Andrew C. Ryan, ct21565
ryan@cantorcolburn.com
Tasia E. Hansen, ct29498
thansen@cantorcolburn.com
Herbert M. Bedingfield, ct29559
hbedingfield@cantorcolburn.com
Cantor Colburn LLP
20 Church Street, 22nd Floor
Hartford, Connecticut 06103
Telephone: (860) 286-2929

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Facsimile: (860) 286-0115

2    *Attorneys for Defendant Epicor Software Corp.*

3

4    Dated: March 25, 2015            */s/ Brett E. Bachtell*
                                      Jeff R. Gargano (Illinois Bar No. 6210852)
5                                     Brett E. Bachtell (Illinois Bar No. 6288981)
                                      MCDERMOTT WILL & EMERY LLP
6                                     227 West Monroe Street
                                      Chicago, IL 60606-5096
7                                     Tel: (312) 372-2000
                                      Fax: (312) 984-7700
8                                     jgargano@mwe.com
                                      bbachtell@mwe.com
9

10

11   *Attorneys for Defendant Trustwave Holdings, Inc.*

12

13   Dated: March 25, 2015            */s/ William Sloan Coats*
                                      William Sloan Coats (SBN 94864)
                                      Wes Klimczak (SBN 294314)
14                                    NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP
                                      21771 Stevens Creek Blvd.
15                                    First Floor
                                      Cupertino, CA 95014
16                                    Tel: 408-414-7330
                                      wes.klimczak@novakdruce.com
17

18   *Attorneys for Defendant AJB Software Design Inc.*

19

20   Dated: March 25, 2015            */s/ Ragesh Tangri*
                                      Ragesh K. Tangri (SBN 159477)
21                                    Jospeh C. Gratz (SBN 240676)
                                      DURIE TANGRI
22                                    217 Leidesdorff Street
                                      San Francisco, CA 94111
23                                    (415) 362-6666
                                      (415) 236-6300 (facsimile)
24                                    rtangri@durietangri.com
                                      jgratz@durietangri.com
25

26   *Attorneys for Dataguise, Inc.*

27

28

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Dated: March 25, 2015                */s/ David Jakopin*
2                                        David A. Jakopin (SBN 209950)
                                         Keren Hu (SBN 252725)
3                                        PILLSBURY WINTHROP SHAW PITTMAN, LLP
                                         2550 Hanover Street
4                                        Palo Alto, CA 94304
                                         (650) 233-4790
5                                        (650) 233-4545 (facsimile)
                                         david.jakopin@pillsburylaw.com
6                                        keren.hu@pillsburylaw.com
7
                                         Jonathan B. Tropp, ct11295
8                                        DAY PITNEY, LLP
                                         One Canterbury Green
9                                        Stamford, CT 06901
                                         (203) 977-7300
10                                       (203) 977-7301 (facsimile)
                                         jbtropp@daypitney.com
11
12                                       *Attorneys for Skyhigh Networks, Inc.*
13
   Dated: March 25, 2015                */s/ Ryan Smith*
14                                       Ryan R. Smith, SBN 229323
                                         Mary Procaccio-Flowers, SBN 286936
15                                       WILSON SONSINI GOODRICH & ROSATI
                                         650 Page Mill Road
16                                       Palo Alto, CA 04304
                                         (650) 493-9300
17                                       (650) 565-5100 (facsimile)
                                         rsmith@wsgr.com
18                                       mprocaccioflowers@wsgr.com
19
20                                       Douglas Carsten, SBN 198467
                                         WILSON SONSINI GOODRICH & ROSATI
21                                       12235 El Camino Real
                                         Suite 200
22                                       San Diego, CA 92130
                                         (858) 350-2300
23                                       (858) 350-2399 (facsimile)
                                         dcarsten@wsgr.com
24
25                                       *Attorneys for IPS Group, Inc.*
26
27 Dated: March 25, 2015                */s/ Edward M. Cannon*
                                         Edward M. Cannon, SBN 223368
28                                       Michael Friedland, SBN 157217

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

KNOBBE MARTENS OLSEN & BEAR
2040 Main Street
14th Floor
Irvine, CA 92614
(949) 760-0404
(949) 760-9502 (facsimile)
Ted.cannon@knobbe.com
Michael.friedland@knobbe.com

Dennis Brown
GORDON & REES
95 Glastonbury Blvd.
Suite 206
Glastonbury, CT 06033
(860) 278-7448
(860) 560-0185 (facsimile)
dbrown@gordonrees.com

*Attorneys for Shift4 Corporation*

Dated: March 25, 2015

*/s/ John Hyland*
Jon Hyland, SBN 24046131
Ye-Whei Peter Chen, SBN 24065038
MUNSCH HARDT KOPF & HARR
500 N. Akard Street
Suite 3800
Dallas, TX 75201
(214) 855-7544
(214) 855-7584 (facsimile)
jhyland@munsch.com
pchen@munsch.com

*Attorneys for TransFirst, LLC and Corduro, Inc.*

Dated: March 25, 2015

*/s/ [intentionally left blank]*[16]
Veronica Mullally Munoz, ct18098
Guy Yonay
PEARL COHEN
1500 Broadway
12th Floor
New York, NY 10036
(646) 878-0808
(646) 878-0801 (facsimile)

---

[16] Counsel for Vaultive did not advise whose electronic signature counsel for Protegrity should affix.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

vmunoz@pearlcohen.com
gyonay@pearlcohen.com

*Attorneys for Vaultive, Inc.*

Dated: March 25, 2015

*/s/ Christopher Dorsey*
Christopher Dorsey
Bryan P. Collins
PILLSBURY WINTHROP SHAW PITTMAN
1650 Tysons Blvd
McLean, VA 22102
(703) 770-7703
(703)770-7901 (facsimile)
Christopher.dorsey@pillsburylaw.com
bryan.collins@pillsburylaw.com

*Attorney for Netskope, Inc.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

<u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

JUDGE JAMES DONATO
UNITED STATES DISTRICT JUDGE

Pursuant to Local Rule 5-1(i)(3) regarding signatures, I, Stefan V. Stein, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 25, 2015 in Tampa, Florida.

/s/ *Stefan V. Stein*
Stefan V. Stein

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware