1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA

10          SAN FRANCISCO DIVISION

11

12 | IN RE: PROTEGRITY CORPORATION AND     No.: 3:15-md-02600-JD

13 | PROTEGRITY USA, INC., PATENT     **DEFENDANTS' MOTION TO STAY PURSUANT TO SECTION 18(b) OF THE**

14 | LITIGATION     **AMERICA INVENTS ACT**

15          Judge:     Honorable James Donato

16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................1

I.     INTRODUCTION................................................................................................1

II.    STATEMENT OF FACTS..................................................................................2

III.   ARGUMENT .......................................................................................................3

     A.    A Stay Will Simplify—or Eliminate—the Issues for Trial....................5

     B.    The Early Stage of This Litigation Weighs Heavily in Favor of a Stay..........................................................................................................6

     C.    Staying These Proceedings Will Not Unduly Prejudice Plaintiff or Present a Clear Tactical Advantage to Defendants. ..............................7

     D.    A Stay Will Reduce the Burden on the Court and on the Parties...........8

     E.    A Stay Is Appropriate Absent Agreement by Non-Petitioning Defendants to Be Bound By the AIA's Estoppel Provisions. ...............9

     F.    Non-Petitioning Defendants' Positions on Estoppel. ...........................11

IV.   CONCLUSION .................................................................................................12

# TABLE OF AUTHORITIES

## CASES

*Apple Inc. v. Achates Reference Publishing, Inc.*, IPR2013-00081, Decision on Motion for Additional Discovery (PTAB Apr. 3, 2013)........................................................11

*AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049 (N.D. Cal. 2011) ..........................7

*CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146 (Fed. Cir. 1997)................................................6

*Evolutionary Intelligence, LLC v. Facebook, Inc.*, Nos. C 13-4202 SI, C 13-4204 SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014)...........................................................7, 10

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) ........................................5

*GT Nexus, Inc. v. Inttra, Inc.*, No. 11-cv-02145-SBA, 2014 WL 3373088 (N.D. Cal. July 9, 2014) ........................................................................................................5, 8

*In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022 (N.D. Cal. 2005) ..............................................................................................................6

*Intellectual Ventures II LLC v. JPMorgan Chase & Co.*, 781 F.3d 1372 (Fed. Cir. 2015)..............................................................................................................................

*Mkt.-Alerts Pty., Ltd v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486 (D. Del. 2013)................ *passim*

*MoneyCat, Ltd. v. PayPal, Inc.*, No. 14-cv-02490-JST, 2014 WL 5689844 (N.D. Cal. Nov. 4, 2014) .......................................................................................................6, 7

*Pac. Biosci. Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061 (W.D. Wash. 2011) ..................7, 8

*Pi-Net Int'l, Inc. v. Citizens Fin. Grp. Inc.*, No. 12-cv-00355-RGA, 2013 WL 6094223 (D. Del. June 21, 2013) ...........................................................................................

*Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*, No. 1:10-cv-01370, 2013 WL 1662952 (N.D. Ohio Apr. 17, 2013) ............................................................................*passim*

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. 14-cv-1575-EMC, 2014 U.S. Dist. LEXIS 92792 (N.D. Cal. July 3, 2014) ........................................................7

*Sightsound Techs., LLC v. Apple Inc.*, No. 11-cv-1292-DWA, 2013 WL 2457284 (W.D. Pa. June 6, 2013) ...........................................................................................8

*Trading Techs., Int'l, Inc. v. BCG Partners, Inc.*, No. 10-cv-00715, 2015 WL 1396632 (N.D. Ill. 2015) .........................................................................................2, 9

*Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368 (Fed. Cir. 2014), *vacating as moot*, 780 F.3d 1134 (Fed. Cir. 2015)..........................................................4, 6

*Versata Software, Inc. v. Volusion, Inc.*, No. A-12-CA-893-SS, 2013 WL 6912688 (W.D. Tex. June 20, 2013) .............................................................................................8

*VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014).............................4, 6, 7

*Zillow, Inc. v. Trulia, Inc.*, No. 2:12-cv-01549, 2013 WL 5530573 (W.D. Wash.
Oct. 7, 2013)................................................................................................................1, 3, 4

**STATUTES**

AIA § 18 ....................................................................................................... *passim*

**MISCELLANEOUS**

157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011)................................................1, 4

157 Cong. Rec. S1360 (daily ed. Mar. 8, 2011)................................................ *passim*

77 Fed. Reg. 48756 (Aug. 14, 2012) ..............................................................10, 11

**TABLE OF ABBREVIATIONS**

| | |
|---|---|
| Protegrity Corporation | Protegrity |
| AJB Software Design, Inc. | AJB |
| Corduro, Inc. | Corduro |
| Dataguise, Inc. | Dataguise |
| Epicor Software Corporation | Epicor |
| Informatica Corporation | Informatica |
| IPS Group, Inc. | IPS |
| Netskope, Inc. | Netskope |
| Perspecsys USA, Inc. | Perspecsys |
| Prime Factors, Inc. | Prime Factors |
| Shift4 Corporation | Shift4 |
| Skyhigh Networks, Inc. | Skyhigh |
| Square, Inc. | Square |
| TokenEx, LLC | TokenEx |
| TransFirst, LLC | TransFirst |
| Trustwave Holdings, Inc. | Trustwave |
| Vaultive, Inc. | Vaultive |
| Vormetric, Inc. | Vormetric |
| AJB, Corduro, Dataguise, Epicor, Informatica, IPS, Netskope, Perspecsys, Prime Factors, Shift4, Skyhigh, Square, TokenEx, TransFirst, Trustwave, Vaultive, and Vormetric, collectively | Defendants |
| Epicor, Informatica, and Square | Petitioning defendants |
| AJB, Corduro, Dataguise, IPS, Netskope, Perspecsys, Prime Factors, Shift4, Skyhigh, TokenEx, TransFirst, Trustwave, Vaultive, and Vormetric | Non-petitioning defendants |

| Declaration of Robin L. Brewer in Support of Defendants' Motion to Stay | Brewer Decl.[1] |
|---|---|
| U.S. Patent No. 6,321,201 | the '201 patent |
| U.S. Patent No. 8,402,281 | the '281 patent |
| the '201 and '281 patents, collectively | asserted patents |
| Covered Business Method Patent Review | CBM review |
| Leahy-Smith America Invents Act | AIA |
| United States Patent and Trademark Office | Patent Office |
| Patent and Trademark Appeals Board | PTAB |
| Order re Consolidated Briefing for Stay Pending CBM Review (Dkt. No. 39) | Order |
| 35 U.S.C. § 101 | Section 101 |

---

[1] All exhibit citations refer to exhibits to the accompanying Brewer Decl.

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

 PLEASE TAKE NOTICE that pursuant to the Court's Order re Consolidated Briefing for Stay Pending CBM Review (Dkt. No. 39), Defendants will and hereby do move the Court for entry of an order staying this action pursuant to Section 18(b) of the AIA, in view of the PTAB's institution of CBM review on all claims of the asserted patents.  Pursuant to the Court's Order and in accordance with Civil Local Rule 7-1(b), no hearing date has been selected.

 This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the accompanying Brewer Decl., including exhibits, and such additional evidence and arguments as may be presented.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

 Defendants respectfully request that the Court stay this action while the PTAB completes its review of the instituted CBM reviews concerning all claims of the asserted patents.  Congress explained that CBM review was provided to "allow companies that are the target of one of these frivolous business method patent lawsuits to go back to the PTO and demonstrate, with the appropriate prior art, that the patent shouldn't have been issued in the first place."  157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011), at S1053 (statement of Sen. Schumer).  "[T]hat way bad patents can be knocked out in an efficient administrative proceeding, avoiding costly litigation."  *Id.*

 To effectuate that intent, the AIA sets a low bar for obtaining a stay.  Indeed, as Senator Schumer explained, "it is nearly impossible to imagine a scenario in which a district court would not issue a stay" pending CBM review.  157 Cong. Rec. S1053, at S1053.  Courts have recognized that "a very heavy thumb [is placed] on the scale in favor of a stay being granted."  *Zillow, Inc. v. Trulia, Inc.*, No. 2:12-cv-01549, 2013 WL 5530573, at *3 (W.D. Wash. Oct. 7, 2013).

 Consistent with Congress' intent, a stay is warranted here and is the most efficient way to proceed, with the trials before the PTAB scheduled just five months from now.  As discussed below, the AIA provides a four-factor test for a motion to stay concurrent district court litigation pending CBM review and all four factors weigh heavily in favor of a stay.

This test applies regardless of whether the party requesting the stay is a party to the CBM review. *See Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10-cv-00715, 2015 WL 1396632 (N.D. Ill. 2015) (citing AIA § 18(b)(1)).  In contrast, Congress limited estoppel to the petitioner, or the real party in interest or privy of the petitioner.  *See id.*; *see also* AIA § 18(a)(1)(D).  In other words, Congress recognized that estoppel should only apply to parties that control the CBM review, whereas a stay benefits all parties to patent litigation regarding a patent subject to CBM review by the PATB.  Moreover, premising a stay on acceptance of estoppel by Non-petitioning defendants acts as a windfall to Protegrity and potentially subjects Non-petitioning defendants to a broader estoppel than Petitioning defendants.  It is, therefore, appropriate to stay the case as to all parties absent agreement by Non-petitioning defendants that estoppel applies.

## II.    **STATEMENT OF FACTS**

This action consolidates 21 separate cases involving at least 17 different defendants and declaratory judgment plaintiffs.  Brewer Decl., ¶ 3.  Informatica, Square, and Epicor initiated CBM reviews of the asserted patents.  Non-petitioning defendants have not filed petitions for CBM review.  *Id.*, ¶ 4.  As of June 4, 2015, the PTAB instituted CBM review on all claims, including based upon a finding that all claims are invalid as directed to patent-ineligible subject matter.  *Id.*, ¶¶ 5-12; Exs. A-G.  The following chart summarizes the grounds for institution:

| Patent | Date Instituted | Action | Claim(s) | Status |
|---|---|---|---|---|
| '281 | 03/05/15 | *Square, Inc. v. Protegrity Corp.*, CBM2014-00182 | 1-60 | CBM instituted on all claims challenged:<br>• § 101 – all claims<br>• § 102 (Denning) – 1, 2, 6, 9, 17, 18, 22, and 25<br>• § 103 (Denning) – 5, 12-14, 16, 21, 28-30, and 32 |
| '281 | 04/21/15 | *Epicor Software Corp. v. Protegrity Corp.*, CBM2015-00006 | 1-60 | CBM instituted on all claims challenged:<br>• § 101 – all claims<br>• § 102 (Denning) – 1, 2, 6, 9, 17, 18, 22, and 25 |
| '281 | 05/11/15 | *Informatica Corp. v. Protegrity Corp.*, CBM2015-00010 | 1-60 | CBM instituted on all claims challenged:<br>• § 101 – all claims<br>• § 102 (Denning) – 1-4, 6,9, 17-20, 22, and 25<br>• § 103 (Denning, FIPS PUB 140-1) – 12-14, 16, 21, 28-30, and 32<br>• § 103 (Denning, Shear) – 11 and 27 |

| | | | | |
|---|---|---|---|---|
| '201 | 04/22/15 | *Epicor Software Corp. v. Protegrity Corp.*, CBM2015-00002 | 1, 5, 19, 20, 27-31 | CBM instituted on all claims challenged:<br>• § 101 – 1, 5, 19-20, and 27-31 |
| '201 | 05/04/15 | *Square, Inc. v. Protegrity Corp.*, CBM2015-00014 | 1-7, 18-35 | CBM instituted on all claims challenged:<br>• § 101 – 1-7, 18-35<br>• § 103 (Hoffman, Codd) – 1, 5, 6, 18, and 27-29<br>• § 103 (Hoffman, Codd , Laribi) – 2, 19-26<br>• § 103 (Hoffman, Codd , Shear) – 3, 7<br>• § 103 (Hoffman, Codd , Johansson) – 3, 4<br>• § 103 (Hoffman, Codd , Friedman) – 6<br>• § 103 (Hoffman, Codd , Du) – 30-35 |
| '201 | 06/01/15 | *Informatica Corp. v. Protegrity Corp.*, CBM2015-00021 | 1-8, 18-53 | CBM instituted on all claims challenged:<br>• § 101 – all claims<br>• § 103 (Hoffman, DB2) – 1, 2, 8, 19-26, 29, 31-34, 37-44, 47, and 49-52<br>• § 103 (Hoffman, DB2, Du) – 35 and 53 |
| '201 | 06/04/15 | *Epicor Software Corp. v. Protegrity Corp.*, CBM2015-00030 | 8 | CBM instituted on all claims challenged:<br>• § 101 – all claims |

In CBM2014-00182, Protegrity has filed a motion to amend claims 1 and 17 of the '281 patent. Brewer Decl., ¶ 12. The PTAB has aligned the schedules among the CBM trials so that oral arguments as to each patent will be heard on the same date. Specifically, the hearing date for the '281 patent is November 12, 2015, and the hearing date for the '201 patent is November 13, 2015. *Id.*, ¶ 14. The PTAB is statutorily required to issue its first Final Written Decision relating to the asserted patent in CBM2014-000182 by March 5, 2016. *Id.*, ¶ 15.

## III.   ARGUMENT

The AIA was "designed to provide a cheaper, faster alternative to district court litigation" and to "place[] a very heavy thumb on the scale in favor of a stay being granted." *Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*, No. 1:10-cv-01370, 2013 WL 1662952, at *2 (N.D. Ohio Apr. 17, 2013); *Zillow*, 2013 WL 5530573, at *3. Congress recognized that it is inefficient for the Court to consider patent claims that may be cancelled by the PTAB. To address this, section 18(b) of the AIA establishes a low threshold to stay early litigation pending CBM review.

Senator Schumer explained that "it is nearly impossible to imagine a scenario in which a district court would not issue a stay" pending CBM review.  157 Cong. Rec. S1053, at S1053.  Denial of stay would require "an extraordinary and extremely rare set of circumstances not contemplated in any of the existing case law related to stays pending reexamination."  157 Cong. Rec. S1360, at S1364.

Consistent with these views, the Federal Circuit has reversed district courts under AIA Section 18(b)(2) by granting interlocutory appeals of the denial of stay motions based upon CBM petitions.  *See Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368 (Fed. Cir. 2014) (reversing denial of stay and finding that all four factors strongly favored a stay) ("*Callidus Software*"), *vacating as moot*, 780 F.3d 1134 (Fed. Cir. 2015); *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1320 (Fed. Cir. 2014) (finding that three of four factors weighed heavily in favor of a stay and only one factor, undue prejudice, weighed slightly in favor of denying a stay where parties were competitors).

Section 18 of the AIA sets forth the four-factor test to be used in deciding a stay motion:

(1)   whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
(2)   whether discovery is complete and whether a trial date has been set;
(3)   whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
(4)   whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

*Progressive*, 2013 WL 1662952, at *2 (citing AIA § 18(b)(1), P.L. 112-29, 125 Stat. 284, 331 (2011)).  Congress expressly included the fourth factor in order "to ease the movant's task of demonstrating the need for a stay" and "to increase the likelihood that the court will grant a stay when a party initiates a transitional CBM review, as opposed to an ordinary PTO reexamination."  *Mkt.-Alerts Pty., Ltd v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 489-90 (D. Del. 2013); *Zillow*, 2013 WL 5530573, at *3 n.1.

Notably, the statute applicable for another post-grant review proceeding, *inter partes* review, does not expressly provide for a stay of litigation pending the outcome of review, nor does it set forth statutory factors courts must consider in the stay analysis.  Rather, Congress

relied on the courts' inherent power to grant stays and encouraged courts to liberally grant stays. By contrast, the statue codifying CBM review expressly provides four factors courts must consider in evaluating a stay. *See* AIA § 18(b)(1). Congress codified this test, and added the fourth factor, because "[t]oo many district courts have been content to allow litigation to grind on while a reexamination is being conducted, forcing the parties to fight in two fora at the same time. This is unacceptable, and would be contrary to the fundamental purpose of the [CBM review] amendment to provide a cost-efficient alternative to litigation." 157 Cong. Rec. S1360. Accordingly, "[a]bsent some exceptional circumstance, the institution of a business-methods proceeding—which requires a high up-front showing and will be completed in a relatively short period of time—should serve as a substitute for litigation, and result in a stay of co-pending district court litigation." 157 Cong. Rec. S1360, at S1363.

Here, as explained below, all four statutory factors favor a stay pending CBM review.

**A.      A Stay Will Simplify—or Eliminate—the Issues for Trial.**

The PTAB instituted CBM review as to all claims of the asserted patents. It is likely that a significant part, if not the entirety, of this case will be disposed of or the claim language and claim construction positions of all parties will be altered through this review. *See GT Nexus, Inc. v. Inttra, Inc.*, No. 11-cv-02145-SBA, 2014 WL 3373088, at *3 (N.D. Cal. July 9, 2014) ("If the PTAB grants CBM review and finds that one or more of the asserted claims of the patents-in-suit are invalid or subject to modification, the Court will have wasted judicial resources and the parties will have unnecessarily expended funds addressing invalid claims or claims modified during CBM review."); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[I]f the original claim is cancelled or amended to cure invalidity [by the PTO], the patentee's cause of action is extinguished and the suit fails."). For example, Protegrity has already filed a motion to amend claims 1 and 17 of the '281 patent. Brewer Decl., ¶ 13.

The PTAB is highly likely to cancel all of the asserted claims. Recent studies show that CBM proceedings result in cancellation of 95% of instituted claims. *See, e.g.*, Brewer Decl., Exs. H, I. Further, as of June 22, 2015, the PTAB has issued thirty-one final written decisions following CBM review addressing unpatentability under Section 101 and deemed challenged

1    claims in all thirty-one final written decisions unpatentable.  Brewer Decl., ¶ 18.

2           Even if this litigation, or a portion of it, continues after CBM review terminates, the Court

3    will proceed with the benefit of the PTAB's particular expertise and the record from CBM review

4    of the asserted patents.  Further prosecution via CBM review will provide a more detailed record

5    to aid the Court in any future claim construction, and the additional prosecution history created

6    could determine, inform, or alter the meaning of claim terms.  *See CVI/Beta Ventures, Inc. v. Tura*

7    *LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997) ("[T]hrough statements made during prosecution or

8    reexamination an applicant . . . may commit to a particular meaning for a patent term, which

9    meaning is then binding in litigation."); *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F.

10   Supp. 2d 1022, 1024 (N.D. Cal. 2005) ("For those claims that survive the reexamination, this court

11   may have a richer prosecution history upon which to base necessary claim construction

12   determinations or reconsideration.").  Litigation burdens will be reduced for both the Court and the

13   parties due to more limited issues, defenses, and evidence.  *See Callidus Software*, 771 F.3d at

14   1371-73 (finding simplification factor strongly favored stay despite CBM proceeding not

15   addressing all asserted patents, claims, or invalidity defenses).  Because CBM review will

16   simplify, streamline, or eliminate this litigation, this factor weighs heavily in favor of a stay.

17          **B.**     **The Early Stage of This Litigation Weighs Heavily in Favor of a Stay.**

18          This litigation remains at a very early stage, a factor strongly weighing in favor of a stay.

19   *See MoneyCat, Ltd. v. PayPal, Inc.*, No. 14-cv-02490-JST, 2014 WL 5689844, at *4 (N.D. Cal.

20   Nov. 4, 2014) (finding that this factor favored stay because six months still remained for fact

21   discovery at time motion was filed); *Callidus Software*, 771 F.3d at 1373-74 (finding that this

22   factor favored stay despite discovery having started because this factor is evaluated at time of

23   filing of the motion, not at the time of the court's decision); *VirtualAgility*, 759 F.3d at 1317 (stay

24   "heavily favor[ed]" when "[d]iscovery had not yet begun" and litigation "was still at its infancy");

25   *see also Mkt.-Alerts*, 922 F. Supp. 2d at 494.  Multiple preliminary motions are pending, including

26   Dataguise's Motion to Dismiss pursuant to Section 101.  Dkt. No. 12.  Further, while there have

27   been limited patent related disclosures in certain cases prior to consolidation pursuant to MDL, as

28   a result of the consolidation, each of the deadlines for patent related disclosures will need to be

reset.  In sum, this case is at a very early stage and this factor weighs heavily in favor of a stay.

**C.**   **Staying These Proceedings Will Not Unduly Prejudice Plaintiff or Present a Clear Tactical Advantage to Defendants.**

"Courts have repeatedly held that the delay inherent in the reexamination process does not, by itself, constitute undue prejudice."  *Pac. Biosci. Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1066 (W.D. Wash. 2011).  "Because delay inherent in the reexamination process does not constitute undue prejudice, courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent."  *AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1054 (N.D. Cal. 2011); *see also Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. 14-cv-1575-EMC, 2014 U.S. Dist. LEXIS 92792, at *16 (N.D. Cal. July 3, 2014); *Progressive*, 2013 WL 1662952, at *6; *Mkt.-Alerts*, 922 F. Supp. 2d at 494.

Defendants are requesting a stay upon institution of CBM review as to all claims and at an early stage of the litigation.  Further, any conceivable prejudice is minimized because CBM review is statutorily required to be completed within an expedited twelve-month timeframe after the petition is granted.  *See* Office Patent Trial Practice Guide, Ex. F at 48768.  Here, the PTAB has aligned the schedules for CBM review so the hearing dates are consolidated.  Brewer Decl., ¶ 14.  As set forth above, the PTAB will hear all arguments relating to the '281 patent on November 12, 2015, and all arguments relating to the '201 patent on November 13, 2015.  *Id.*  Final decisions from the PTAB are expected to issue in the spring of 2016.  *Id.*, ¶ 15.

In addition, because CBM review is an *inter partes* proceeding, Protegrity will have a full opportunity to participate.  Moreover, Defendants and Protegrity are not active competitors, and any harm Protegrity could plausibly suffer due to delay could be fully compensated with monetary relief.  *See MoneyCat*, 2014 WL 5689844, at *4 ("[B]ecause MoneyCat and PayPal are not direct competitors, any prejudice MoneyCat experiences as a result of delay can be compensated by monetary damages.") (citing *Evolutionary Intelligence, LLC v. Facebook, Inc.*, Nos. C 13-4202 SI, C 13-4204 SI, 2014 WL 261837, at *3 (N.D. Cal. Jan. 23, 2014) ("[C]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement.")); *VirtualAgility*, 759 F.3d at 1318 ("A stay will not diminish

the monetary damages to which VA will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy.").

Finally, the "salient question posed by the third factor," is not whether Protegrity will be prejudiced, but whether Protegrity will be "unduly prejudiced." *Progressive*, 2013 WL 1662952 at *6. Delay itself does not constitute undue prejudice. *Pac. Biosci.*, 760 F. Supp. 2d at 1066. As discussed above, any delay here is minimal as CBM review has been instituted on all petitions, oral arguments are scheduled for November 12 and 13, 2015, and final written decisions will issue in spring 2016. There is no undue prejudice to Protegrity, and this factor weighs in favor of a stay.

### D.   A Stay Will Reduce the Burden on the Court and on the Parties.

Courts have emphasized the fourth factor in granting motions to stay pending CBM review. "[T]he fourth factor was established to increase the likelihood that a stay will be granted." *GT Nexus*, 2014 WL 3373088, at *5; *see also Mkt.-Alerts*, 922 F. Supp. 2d at 489-90 (fourth factor was added "to ease the movant's task of demonstrating the need for a stay"); *Progressive*, 2013 WL 1662952 at *8 ("The fourth factor of the test was enacted to increase the likelihood that a stay would be granted."); *Versata Software, Inc. v. Volusion, Inc.*, No. A-12-CA-893-SS, 2013 WL 6912688, at *2 (W.D. Tex. June 20, 2013) ("The fourth factor is designed to place 'a very heavy thumb on the scale in favor of a stay being granted.'") (citation omitted); *Sightsound Techs., LLC v. Apple Inc.*, No. 11-cv-1292-DWA, 2013 WL 2457284, at *3 (W.D. Pa. June 6, 2013) ("The parties and Court will expend further substantial resources in this litigation, through completing discovery and trial. A stay will reduce the burden of litigation, and this factor weighs in favor of a stay.").

Here, a stay pending CBM review will allow the PTAB to efficiently determine the validity of the asserted patents. Further, Congress created the CBM proceeding because of its skepticism towards "certain business method patents, which . . . are generally of dubious quality because unlike other types of patents, they have not been thoroughly reviewed at the PTO due to a lack of the best prior art." 157 Cong. Rec. S1360, S1364 (statement of Sen. Schumer). CBM review provides the opportunity for a thorough review of the asserted patents prior to the Court or the parties expending additional resources on litigation. A stay of the litigation may spare both the

Court and the parties the burden of having to oversee and conduct discovery, claim construction, motion practice, and trial.  At a minimum, a stay avoids potentially wasteful litigation of claims that may be invalidated or amended.

Thus, the fourth factor weighs heavily in favor of a stay, and there are no "exceptional circumstances" to offset the "heavy thumb" that Section 18(b) places on the scale in favor of a stay.  Rather than having the Court and the parties burdened with dual-track and duplicative proceedings, Defendants request the Court stay this litigation pending CBM review.

### E.     A Stay Is Appropriate Absent Agreement by Non-Petitioning Defendants to Be Bound By the AIA's Estoppel Provisions.

Because the AIA considers that related patent infringement actions may be simplified by a petition for CBM review filed by a defendant in a related case, other courts have refused to condition stays of related cases on requiring non-petitioning defendants to agree to estoppel provisions where only certain defendants filed petitions for CBM review.  *See Trading Techs. Int'l*, 2015 WL 1396632 (not reported) (granting motions to stay all consolidated cases even though the non-petitioning defendants refused to agree to be estopped).  In *Trading Technologies*, the court stated:

> Finally, the Court does not find that the non-petitioning defendants' refusal to consent to be estopped from raising arguments offered during CBM review eliminates the simplification of the issues.  A reading of the AIA leads to the conclusion that Congress explicitly chose to estop *petitioners* of CBM review while allowing any *party* to a case to seek a stay pending CBM review. *See* Pub. L. No. 112–29, §§ 6(e)(1), 18(b)(1).  Moreover, a review of the Senate's hearing on the AIA confirms that whether or not a party to a patent proceeding agrees to be estopped from raising a co-defendant's arguments is irrelevant to the stay analysis. *See* 157 Cong. Rec. S1360, 2011 WL 797877 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer) ("By codifying the exclusive set of factors that courts are to consider when granting stays, the [AIA] precludes courts from inventing new factors such as extra-statutory estoppel tests.")

*See also Mkt.-Alerts*, 922 F.Supp.2d 486 (ordering a stay of all related cases, even those in which the defendant(s) did not move for a stay, where only certain of the defendants filed a petition for CBM review).  Even in the context of *inter partes* review proceedings at least one court has

granted a stay where a defendant expressly declined to be estopped.  *See Evolutionary Intelligence*, 2014 WL 261837.

As noted in *Trading Technologies*, the legislative history pertaining to CBM review expressly bars courts from additional estoppel requirements as a condition for granting a stay.  The AIA provides that courts should not condition stays on factors that are beyond those enumerated in the statue, including any estoppel requirements:

> By adopting this four-factor test, rather than one of the three-factor tests used by other courts, ***the amendment also precludes the use of additional factors that are not codified here*** and that have occasionally been used by some district courts.  For example, a few courts have occasionally employed a different de facto fourth factor: whether the challenger offers ''to forgo invalidity arguments based on prior art patents and/or printed publications considered during an ex parte reexamination process.'' . . . By codifying the exclusive set of factors that courts are to consider when granting stays, ***the amendment precludes courts from inventing new factors such as extra-statutory estoppel tests***.

157 Cong. Rec. S1360.  Accordingly, it would be impermissible for this court to require Non-petitioning defendants to agree to be estopped by arguments made in third-party CBM petitions over which the Non-petitioning defendants have no control.

Further, Section 18(a)(1)(D) of the AIA provides that only the petitioner "***or the petitioner's real party in interest***" can be estopped.  This provision cannot apply to the Non-petitioning defendants because they are not a "real party in interest" to any of the Petitioning defendants.  The determination of whether a party is a real party-in-interest or a privy to a proceeding before the PTAB is a highly fact-dependent question.  The PTAB's Office Patent Trial Practice Guide, 77 Fed. Reg. 48756, 48759 (August 14, 2012) provides some guidance, and states that the "real party-in-interest" is the party that desires review of the patent, such as the petitioner, or the party at "whose behest the petition has been filed."  *Id.* at 48759.  There are several factors relevant to the determination of who is a real party-in-interest or a privy.  One factor is "whether the non-party exercised or could have exercised control over a party's participation in a proceeding."  *Id.*  A party that "funds and directs and controls" a petition or proceeding is a real party-in-interest.  *Id.* at 48760.  Importantly, however, merely because a party is a co-defendant or a member of a joint defense group in which another member files a petition does not, without

more, make that party a real party-in-interest or privy. *Id.   See also Apple Inc. v. Achates Reference Publishing, Inc.*, IPR2013-00081, Decision on Motion for Additional Discovery (PTAB Apr. 3, 2013) (holding that merely being co-defendants in litigation, without more, does not amount to being a real party in interest or privy).

Finally, from a policy perspective, it makes sense that a non-party to a CBM petition who is embroiled in a related litigation involving the same patents being challenged in CBM review should not be estopped by arguments made in those petitions.  This would provide a windfall to Protegrity in that the Non-petitioning defendants may be estopped by *all* of the arguments made in all petitions, whereas each individual petitioner would only be estopped by their own arguments, not those of other petitioners.

In sum, the Non-petitioning defendants should not be required to agree to the AIA's estoppel provisions in order for a stay of all coordinated cases to be granted.

## F.        Non-Petitioning Defendants' Positions on Estoppel.

Should the Court decide to condition the granting of a stay on agreement by Non-petitioning defendants to an estoppel, Non-petitioning defendants, with the exception of Dataguise, are willing to agree to an estoppel.  Non-petitioning defendants are unclear as to the scope of estoppel contemplated and, as such, want to clarify the scope of the estoppel to which they are willing to agree.  For example, it is unclear whether estoppel would be based upon all CBM reviews or only as to one CBM review for each patent.  Further, it is unclear whether estoppel applies to grounds instituted or only grounds for which a final written decision issues.  It would be unfair to estop Non-petitioning defendants on grounds where the PTAB does not render a final written decision because one or more of the Petitioning defendants could settle with Protegrity and the CBM review be dismissed.  Non-petitioning defendants, with the exception of Dataguise, will agree to be estopped in this litigation on any ground for which a final written decision issues should the Court determine such agreement necessary for the granting of a stay.

Dataguise does not agree to estoppel and, should the Court decide not stay the case, requests the Court set a hearing date for Dataguise's fully briefed Motion to Dismiss that the

1    asserted patents are invalid as directed to patent-ineligible subject matter under Section 101.[2]

2    **IV.     CONCLUSION**

3          For the foregoing reasons, Defendants respectfully request that the Court stay the current

4    MDL action pending the conclusion of the CBM reviews of the asserted patent and not condition

5    the stay on requiring the Non-petitioning defendants to agree to the AIA's estoppel provisions.

6

7

8

9

10   Dated: June 22, 2015                      */s/ Stefani E. Shanberg*
                                               Stefani E. Shanberg (State Bar No. 206717)
11                                             Robin L. Brewer (State Bar No. 253686)
                                               Eugene Marder (State Bar No. 275762)
12                                             WILSON SONSINI GOODRICH & ROSATI
                                               Professional Corporation
13                                             One Market Plaza
                                               Spear Tower, Suite 3300
14                                             San Francisco, California 94105
                                               Telephone: (415) 947-2000
15                                             Facsimile: (415) 947-2099
                                               E-Mail: sshanberg@wsgr.com
16                                                      rbrewer@wsgr.com
                                                        emarder@wsgr.com
17

18                                             Ryan R. Smith (State Bar No. 229323)
                                               WILSON SONSINI GOODRICH & ROSATI
19                                             Professional Corporation
                                               650 Page Mill Road
20                                             Palo Alto, California 94304
                                               Telephone: (650) 493-9300
21                                             Facsimile: (650) 493-6811
                                               E-Mail: rsmith@wsgr.com
22

23                                             *Attorneys for Square, Inc.*

24

25   _____

     [2] In the event the Court is inclined to deny a stay, Defendants respectfully request that it defer any
26   Markman hearing(s) until after the PTAB issues its final written decisions, so that the parties and
     the Court have the benefit of the arguments advanced and rulings made by the PTAB.  In addition,
27   if the Court is inclined to proceed with the litigation as to any parties, Defendants Informatica and
     Square request that they be afforded the opportunity to participate in the litigation for as long as it
28   is moving forward so that they may adequately represent their individual interests in claim
     construction and other proceedings before the Court.

Dated: June 22, 2015

/s/ Paulo L. Sousa
John Bovich (SBN 15068)
Jonah Mitchell (SBN 203511)
Paulo Sousa (SBN 288705)
REED SMITH, LLP
101 Second street, Suite 1800
San Francisco, CA 94105
(415) 543-8700
(415) 391-8269 (facsimile)
jbovich@reedsmith.com
jmitchell@reedsmith.com
psousa@reedsmith.com

*Attorneys For Informatica Corporation*

Dated: June 22, 2015

/s/ Carl H. Anderson, Jr.
Jack N. Sibley, admitted *pro hac vice*
Georgia Bar No. 644850
Carl H. Anderson, Jr., admitted *pro hac vice*
Georgia Bar No. 016320
HAWKINS PARNELL THACKSTON
& YOUNG LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Telephone (404) 614-7400
Telecopier (404) 614-7500
jsibley@hptylaw.com
canderson@hptylaw.com

*Attorneys for Prime Factors, Inc.*

Dated: June 22, 2015

/s/ Robert K. Pezold
Robert K. Pezold, OBA No. 7100
Joseph C. Woltz, OBA No. 14341
PEZOLD BARKER & WOLTZ
2431 East 61st Street, Suite 200
Tulsa, OK 74136
(918) 584-0506
(918) 584-0720 (facsimile)
(rpezold@pbwtulsa.com)
(jwoltz@pbwtulsa.com)

*Attorneys for TokenEx, LLC*

1

2

3 | Dated: June 22, 2015

/s/ Teresa M. Summers
Teresa M. Summers
4 | Virginia Bar No. 66003
Summers Law Group LLP
5 | 300 New Jersey Avenue, NW
Suite 900
6 | Washington, DC 20001
Tel:  (202) 664-0926
7 | tsummers@summerslg.com

8 | Attorneys for PerspecSys USA, Inc.

9

10

11 | Dated: June 22, 2015

/s/ William J. Cass
William J. Cass, ct12806
12 | wcass@cantorcolburn.com
Andrew C. Ryan, ct21565
13 | ryan@cantorcolburn.com
Tasia E. Hansen, ct29498
14 | thansen@cantorcolburn.com
Herbert M. Bedingfield, ct29559
15 | hbedingfield@cantorcolburn.com
Cantor Colburn LLP
16 | 20 Church Street, 22nd Floor
Hartford, Connecticut 06103
17 | Telephone: (860) 286-2929
Facsimile: (860) 286-0115

18 | Attorneys for Epicor Software Corp.

19

20

21 | Dated: June 22, 2015

/s/ Brett E. Bachtell
Jeff R. Gargano (Illinois Bar No. 6210852)
22 | Brett E. Bachtell (Illinois Bar No. 6288981)
MCDERMOTT WILL & EMERY LLP
23 | 227 West Monroe Street
Chicago , IL 60606-5096
24 | Tel: (312) 372-2000
Fax: (312) 984-7700
25 | jgargano@mwe.com
bbachtell@mwe.com

26

27 | Attorneys for Trustwave Holdings, Inc.

28

1

2

3   Dated: June 22, 2015

/s/ Wes Klimczak
William Sloan Coats (SBN 94864)
Wes Klimczak (SBN 294314)
NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP
21771 Stevens Creek Blvd.
First Floor
Cupertino, CA 95014
Tel: 408-414-7330
wes.klimczak@novakdruce.com

Attorneys for AJB Software Design Inc.

10

11   Dated: June 22, 2015

/s/ Guy Yonay
Veronica Mullally Munoz, ct18098
Guy Yonay
PEARL COHEN
1500 Broadway
12th Floor
New York, NY  10036
Tel: (646) 878-0808
Fax: (646) 878-0801
vmunoz@pearlcohen.com
gyonay@pearlcohen.com

Attorneys for Vaultive, Inc.

18

19   Dated: June 22, 2015

/s/ Ryan  Smith
Ryan R. Smith, SBN 229323
Mary Procaccio-Flowers, SBN 286936
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 04304
(650) 493-9300
(650) 565-5100 (facsimile)
rsmith@wsgr.com
mprocaccioflowers@wsgr.com

Douglas Carsten, SBN 198467
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real
Suite 200
San Diego, CA 92130
(858) 350-2300
(858) 350-2399 (facsimile)
dcarsten@wsgr.com

1

*Attorneys for IPS Group, Inc.*

2

3

4   Dated: June 22, 2015

*/s/ Ragesh Tangri*
Ragesh K. Tangri (SBN 159477)

5   Jospeh C. Gratz (SBN 240676)
DURIE TANGRI

6   217 Leidesdorff Street
San Francisco, CA 94111

7   (415) 362-6666
(415) 236-6300 (facsimile)

8   rtangri@durietangri.com
jgratz@durietangri.com

9

*Attorneys for Dataguise, Inc.*

10

11

12  Dated: June 22, 2015

*/s/ David Jakopin*
David A. Jakopin (SBN 209950)

13  Keren Hu (SBN 252725)
PILLSBURY WINTHROP SHAW PITTMAN, LLP

14  2550 Hanover Street
Palo Alto, CA 94304

15  (650) 233-4790
(650) 233-4545 (facsimile)

16  david.jakopin@pillsburylaw.com
keren.hu@pillsburylaw.com

17

18  Jonathan B. Tropp, ct11295
DAY PITNEY, LLP

19  One Canterbury Green
Stamford, CT 06901

20  (203) 977-7300
(203) 977-7301 (facsimile)

21  jbtropp@daypitney.com

22

*Attorneys for Skyhigh Networks, Inc.*

23

24  Dated: June 22, 2015

*/s/ Edward M. Cannon*

25  Edward M. Cannon, SBN 223368
Michael Friedland, SBN 157217

26  KNOBBE MARTENS OLSEN & BEAR
2040 Main Street

27  14th Floor
Irvine, CA 92614

28  (949) 760-0404
(949) 760-9502 (facsimile)

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)          - 16 -
Case No. 3:15-md-02600-JD

1   Ted.cannon@knobbe.com

2   Dennis Brown
    GORDON & REES
3   95 Glastonbury Blvd.
    Suite 206
4   Glastonbury, CT 06033
    (860) 278-7448
5   (860) 560-0185 (facsimile)
    dbrown@gordonrees.com
6
7   *Attorneys for Shift4 Corporation*

8

9   Dated: June 22, 2015          /s/ John Hyland
                                  Jon Hyland, SBN 24046131
10                                Ye-Whei Peter Chen, SBN 24065038
                                  MUNSCH HARDT KOPF & HARR
11                                500 N. Akard Street
                                  Suite 3800
12                                Dallas, TX 75201
                                  (214) 855-7544
13                                (214) 855-7584 (facsimile)
                                  jhyland@munsch.com
14                                pchen@munsch.com

15                                *Attorneys for TransFirst, LLC and Corduro, Inc.*
16

17

18  Dated: June 22, 2015          /s/ Christopher Dorsey
                                  Christopher Dorsey
19                                Bryan P. Collins
                                  PILLSBURY WINTHROP SHAW PITTMAN LLP
20                                1650 Tysons Blvd
                                  McLean, VA 22102
21                                (703) 770-7703
                                  (703)770-7901 (facsimile)
22                                christopher.dorsey@pillsburylaw.com
                                  bryan.collins@pillsburylaw.com
23
                                  Colin T. Kemp (CA Bar No. 215408)
24                                PILLSBURY WINTHROP SHAW PITTMAN LLP
                                  Four Embarcadero Center, 22nd Floor
25                                San Francisco, CA 94111
                                  Telephone: (415) 983-1000
26                                Facsimile: (415) 983-1200
                                  colin.kemp@pillsburylaw.com
27

28                                *Attorneys for Netskope, Inc.*

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)                    - 17 -
Case No. 3:15-md-02600-JD

Dated: June 22, 2015

*/s/ Stefani E. Shanberg*
Stefani E. Shanberg (State Bar No. 206717)
Robin L. Brewer (State Bar No. 253686)
Madeleine E. Greene (State Bar No. 263120)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
E-Mail: sshanberg@wsgr.com
         rbrewer@wsgr.com
         mgreene@wsgr.com

Ryan R. Smith (State Bar No. 229323)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
E-Mail: rsmith@wsgr.com

*Attorneys for Vormetric, Inc.*

## ATTESTATION CLAUSE

I, Stefani E. Shanberg, am the ECF User whose identification and password are being used to file Defendants Motion to Stay Pursuant to Section 18(b) of the America Invents Act.   In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that counsel for defendants have concurred in this filing.

Dated:  June 22, 2015

*/s/ Stefani E. Shanberg*
Stefani E. Shanberg

*Attorneys for Square, Inc.*