CANTOR COLBURN LLP
WILLIAM J. CASS, ct12806
Email: wcass@cantorcolburn.com
ANDREW C. RYAN, ct21565
Email: ryan@cantorcolburn.com
TASIA E. HANSEN, ct29498
thansen@cantorcolburn.com
HERBERT M. BEDINGFIELD, ct29559
hbedingfield@cantorcolburn.com
20 Church Street, 22nd Floor
Hartford, CT 06103
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

Counsel for Defendant
APTOS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: PROTEGRITY CORPORATION AND PROTEGRITY USA, INC., PATENT LITIGATION

Case No.: 3:15-md-02600-JD

Case No.: 3:15-cv-00858-JD

**APTOS, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285**

Hearing Date: December 15, 2016
Time: 10:00 a.m.
Courtroom: 11
Judge: The Honorable James Donato

**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 3

III. THE LAW .......... 10

A. A Plaintiff Must Undertake a Reasonable Pre-Suit Investigation and Provide Infringement Contentions .......... 10

B. The Standard for an Exceptional Case .......... 11

C. Attorneys' Fees and Costs May be Awarded for the Work Undertaken in the CBM Proceedings .......... 13

D. How Fees and Costs are Determined .......... 14

IV. ARGUMENT .......... 14

V. CONCLUSION .......... 15

# TABLE OF AUTHORITIES

## Cases

*Alice Corp. Pty. Ltd. v. CLS Bank Intern.*, 134 S. Ct. 2347 (2014) ........ 2

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336 (Fed. Cir. 2006) ........ 3

*Bender v. Infineon Technologies N. Am. Corp.*, 2010 WL 964207 (N.D. Cal. Mar. 16, 2010) ........ 11

*Bender v. Maxim Integrated Prods. Inc.*, 2010 WL 2991257 (N.D. Cal. July 29, 2010) ........ 10

*Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573 (Fed. Cir. 1983) ........ 13

*Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, 2013 WL 633406 (N.D. Cal. Feb. 20, 2013) ........ 10

*Droplets, Inc. v. Amazon.com, Inc.*, 2013 WL 1563256 (N.D. Cal. Apr. 12, 2013) ........ 11

*Henlsey v. Eckerhart*, 461 U.S. 424 (1983) ........ 14

*Homeland Housewares, LLC v Sorenson Research*, 581 F. App'x 877 (Fed. Cir. 2014) ........ 13

*Linex Technologies, Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703 (E.D. Tex. 2008) ........ 11

*Munshani v. Signal Lake Venture Fund II, LP*, 805 N.E.2d 998 (Mass.App.Ct. 2004) ........ 9

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014) ........ 11, 12

*PPG Indus., Inc. v. Celanese Polymer Specialties Co., Inc.*, 840 F.2d 1565 (Fed. Cir. 1988) ........ 13

*Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022 (N.D. Cal. 2010) ........ 11

*Theranos, Inc. v. Fuisz Pharma LLC*, 2012 WL 6000798 (N.D. Cal. Nov. 30, 2012) ........ 11

*Yufa v. TSI Incorporated et al.*, Case No. 12-cv-1614, 2015 U.S. Dist. LEXIS 106301 (C.D. Cal Aug. 12, 2015) ........ 13

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

**Statutes**

35 U.S.C. §101 ........ 4
35 U.S.C. § 103 ........ 4
35 U.S.C. § 285 ........ 1, 2, 4, 11, 12, 15
35 U.S.C. § 321 ........ 5
AIA § 18 ........ 6, 7

**Regulations**

37 C.F.R. § 42.300 ........ 6, 7

**Rules**

E.D. Tex. P.R. 3-1 ........ 11
Fed. R. Civ. P. Rule 26(f) ........ 4, 11
Fed. R. Civ. P. Rule 54(d)(2) ........ 1
N.D. Cal. Civ. L.R. 54-5 ........ 1
N.D. Cal. Civ. L.R. 54-5(b)(1) ........ 1
N.D. Cal. Patent L.R. 3-1 ........ 11

**Other Authorities**

S. Rep. No. 94-1011 - 94th Congress (1975-1976) ........ 14

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

-ii-
APTOS, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285
CASE NO.: 3:15-md-02600-JD; CASE NO.: 3:15-cv-00858-JD

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on December 15, 2016, or as soon thereafter as the matter may be heard, in Courtroom 11, the courtroom of the Honorable James Donato, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Aptos, Inc. ("Aptos"[1]) will, and hereby does move this Court for an award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

This Motion is made pursuant to Federal Rule of Civil Procedure 54(d)(2), Local Rule 54-5, and the authorities cited in the supporting Memorandum of Points and Authorities.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the supporting Declaration of William J. Cass and the annexed Exhibits 1-27, and upon such other and further matters as the Court deems appropriate.

Pursuant to Local Rule 54-5(b)(1), the undersigned certifies that counsel for Protegrity Corporation ("Protegrity") and Aptos met and conferred on August 10, 2016, for the purpose of attempting to resolve any disputes with respect to this Motion, but no such resolution was reached.

**SUMMARY OF RELIEF REQUESTED**

By this Motion, Aptos seeks an award of attorney's fees pursuant to 35 U.S.C. § 285 because this is an "exceptional case," under 35 U.S.C. § 285 because: (1) Protegrity failed to undertake an adequate pre-suit investigation; and (2) the litigation was vexatious.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Protegrity is a serial litigant, who commenced this action, without undertaking a

[1] During the course of this proceeding, Defendant separated one of its business units from Epicor Software Corporation to APTOS, Inc. The Defendant is now known as Aptos, Inc.

-1-

APTOS, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285
CASE NO.: 3:15-md-02600-JD; CASE NO.: 3:15-cv-00858-JD

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

reasonable pre-litigation investigation. This case originated in the District of Connecticut. Pursuant to the Case Management Plan entered by the District Court, Protegrity was required to serve detailed infringement contentions at the very beginning of the action. Protegrity's contentions failed to identify which aspects of Aptos' products satisfied the elements of the asserted patent claims. Instead, the contentions merely stated the products infringed "on information and belief," and were completely devoid of the element by element analysis required under the law. Further, Protegrity never obtained a copy of the accused product, and did not inspect it before bringing this action.

In fact, a copy of the accused Epicor Secure Data Manager software, installation guide and sample database was provided to counsel on May 7, 2014. The following year, on July 22, 2015, its long-time expert was deposed and testified he had **never** examined the accused software and was unfamiliar with Aptos' product line. Even when provided with technical information, Protegrity did nothing with it.

A number of events also occurred early on in this case which should have given plaintiff pause. The validity of the '281 patent claims were called into question by the institution of a covered business review on April 15, 2014, in the matter of *Voltage Security, Inc. v. Protegrity Corporation*, CBM2014-00024. The landscape for software patents changed significantly in the landmark decision of *Alice Corp. Pty. Ltd. v. CLS Bank Intern.*, 134 S. Ct. 2347 (2014) on June 19, 2014. These events occurred before any institution of a covered business method review. Then the decisions in the various covered business method reviews began to issue calling into question the validity of the patents. Undaunted, Protegrity attempted to argue a new claim position (which contradicted the position it had taken in earlier litigation), which was rejected by the Patent Trademark and Appeal Board (PTAB).

Thus, this case is exceptional within the meaning of 35 U.S.C. § 285. Aptos seeks its

-2-

APTOS, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285
CASE NO.: 3:15-md-02600-JD; CASE NO.: 3:15-cv-00858-JD

fees for defending itself in this litigation, as well as the associated Covered Business Method Reviews in the U.S. Patent Office of the two asserted patents, in the amount of $704,652.91 for attorneys' fees and $188,528.44 in costs. Fees and costs associated with patent proceedings (and by analogy a cover business method review) are recoverable if the proceeding is related to the underlying litigation. These fees and expenses were reasonable and justified as set forth in the Declaration of William J. Cass, Esq. concurrently filed herewith.

## II. FACTUAL BACKGROUND

Protegrity commenced this action in the United States District Court for the District of Connecticut on December 2, 2013 for alleged patent infringement of U.S. Patent No. 6,321,201 (the " '201 Patent") and U.S. Patent No. 8,402,281 (the " '281 Patent"). The Complaint did not identify an accused product. [Dkt. No. 1.] Jurisdiction was predicated on Protegrity undertaking business in the State of Connecticut, but this was later shown to be false. *See Protegrity Corporation v. Dataguise, Inc.*, Conn. Dist. Ct. Civil Action No. 3:13-CV-00715 (VLB), Memorandum of Decision Granting Defendant's Motion to Transfer Venue [Dkt. #36], Dkt. No. 56.

Protegrity previously attempted to create a nexus to Connecticut with its U.S. Subsidiary, alleging Protegrity U.S.A. was an exclusive licensee with a one-sentence declaration. *See Protegrity Corp. v. Voltage Security, Inc.*, No. 3:10-cv-00755 at Dkt. No. 455. However, Protegrity U.S.A. is not a named party to this action against Aptos. Therefore, (1) jurisdiction in Connecticut was never proper; and (2) standing was doubtful because it failed to join a necessary and indispensable party (Protegrity U.S.A.). *See Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1344 (Fed. Cir. 2006).

The '201 Patent and '281 Patent are concerned with protecting data against unauthorized access. The claims concern granting access to a database according to processing rules. For

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

example, access to credit card data might be limited based on an employee's position. This is not a technical innovation. The Patent Trial and Appeal Board ("PTAB") later determined the claims were directed to an abstract idea. Declaration of William J. Cass in Support of Aptos' Notice of Motion and Motion for Attorneys' Fees Under 35 U.S.C. § 285 ("Cass Decl.") Cass Decl., Exh. 9, '201 Patent, Claims and 2:21–34, and Exh. 2, p. 27.

The parties' Joint Report of the Rule 26(f) Planning Meeting (the "Rule 26(f) Report") was filed on February 19, 2014 [Dkt. 22] and subsequently entered by the District Court in Connecticut on February 21, 2014. [Dkt. Text Entry.] Protegrity's Initial Infringement Contentions were served on April 11, 2014 ("Initial Contentions"). Protegrity alleged infringement of claims 1, 5, 8, 19 – 20, and 27 – 31 of the '201 Patent and claims 1 – 60 of the '281 Patent. Cass Decl., Exh. 13. The Initial Contentions simply repeated the in the patent claims and did not relate the claim elements to the accused product. Cass Decl., Exhs. 9, 10, and 13.

On April 15, 2014, in the matter of *Voltage Security, Inc. v. Protegrity Corporation*, CBM2014-00024, the PTAB determined that the '281 Patent was eligible for covered business method patent review and went on to find that it is more likely than not that claims 1, 2, 17, 21, 32, 33, 45, 47, 53, and 58 were invalid under 35 U.S.C. § 101, and claims 1, 2, 12, 17, 21, 32 were invalid as obvious under 35 U.S.C. § 103 under prior art. Cass Decl., Exh. 11. Shortly after the Board's decision instituting trial, however, Patent Owner and Petitioner Voltage Security, Inc. settled. Cass Decl., Exh. 12.

On May 7, 2014, counsel for Aptos sent counsel for Protegrity a letter addressing various deficiencies with respect to its infringement contentions as the contentions merely stated the products infringed "on information and belief," and were completely devoid of the element by element analysis required under the law. Cass Decl. Exh. 1 and attachment, 1(A). In an effort

-4-
APTOS, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285
CASE NO.: 3:15-md-02600-JD; CASE NO.: 3:15-cv-00858-JD

to obtain Protegrity's infringement position, also on May 7, 2014, Aptos provided Protegrity with a sample database, the accused product's System Administrator Guide and Installation and Implementation Guide pursuant to the Protective Order ("Confidential, Attorneys' Eyes Only"), noting the accused software maintains [REDACTED] Exh. 1, attachment (1B). Aptos requested Protegrity to supplement its Initial Infringement Contentions and reserved its right to seek attorneys' fees and costs. Cass Decl., Exh. 1.

The May 7, 2014 letter to counsel additionally set forth in detail why the accused product could not infringe either the '201 or '281 Patents in light of the prosecution history of the two patents. The letter included a discussion of the '201 Patent re-examination and the arguments made to distinguish the prior art, including statements that the prior art was deficient because it allegedly stored an entire record containing multiple fields as a single cipher text component, citing the Declaration of Ulf Mattsson, the Chief Technology Officer of Protegrity, submitted to the Patent Office on May 10, 2011. *Id.* The May 7, 2014 letter also pointed out that all of the claims of the '201 Patent require a data element value (the combination of a row and a column) that is linked to a corresponding data element type. The data element type is stored in a separate data base. Thus, [REDACTED] *Id.* As also noted to Protegrity in the May 7, 2014 letter, during the prosecution of the '281 Patent, the applicants distinguished the prior art as requiring a separate data protection catalog [citing the prosecution history]:

> Thomson describes a security table that maps users (by user IDs) to columns of data in a database to which the users have access. Thomson, Fig. 4; col. 4, 27-43. For a particular database column, if a user is associated with the column in the security table, then the user can access the column in the database. So long as a requesting user is associated with any of the user IDs associated with a particular

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

> database column, the requesting user can access the particular database column.
>
> In contrast, the claimed data protection table includes a plurality of data processing rules associated with a data portion, each of which must be satisfied before the portion can be accessed. Accordingly, as agreed upon in the interview, Thomson fails to teach or suggest at least the claimed element "maintaining a separate data protection able comprising, for each of one or more data portions, a plurality of data processing rules associated with the data portion that must each be satisfied before the data portion can be access." The other references fail to remedy this deficiency. . .

Cass Decl., Exh. 1, Relevant Portions of the Prosecution History '281 Patent. Each of the claims of the '281 Patent require maintaining a plurality of data portions and a plurality of data processing rules associated with that portion. Cass Decl., Exh. 10, '281 Patent claims.

On June 13, 2014, Protegrity served Supplemental Infringement Contentions. The supplemental contentions were again vague, incomplete, and based on "information and belief" or "information and *reasonable* belief." Cass Decl., Exh. 14. Counsel for Aptos again attempted to resolve the matter, but without success. On July 31, 2014, Aptos brought a Motion to Compel. Protegrity filed its response to the Motion to Compel on August 21, 2014. Aptos filed a Reply on August 29, 2014. [Dkt. Nos. 38-39, 41, and 44.]

On October 1, 2014, Aptos filed a Petition requesting a review under the transitional program for Covered Business Method patents of claims of 1, 5, 19-20 and 27 – 31 of the '201 Patent pursuant to 35 U.S.C. § 321, Section 18 of the Leahy-Smith America Invents Act ("AIA") and 37 C.F.R. § 42.300 (hereinafter the "Aptos '201 Petition"). *Epicor Software Corporation v. Protegrity Corporation*, CBM2014-00002 (PTAB October 1, 2014) (Paper No. 1).

On September 16, 2014, Protegrity filed a Motion to Compel Document Production and Memorandum of Law in Support, and in opposition, on October 7, 2014, Aptos filed a Motion for a stay in light of the Aptos '201 Petition, and another CBM Petition on the '281 Patent filed by Square, Inc. [Dkt Nos. 50 and 55.] Protegrity filed its response to the motion for a stay on

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

October 28, 2016, citing, in part, that it was alleging claim 8 of the '201 Patent, which was not subject to a CBM petition (claim 8 had been held invalid in another litigation). [Dkt. No. 58.]

On October 7, 2014 and October 31, 2014, APTOS, Inc. ("Petitioner") filed a Petition and an Amended Petition requesting a review under the transitional program for Covered Business Method patents of claims 1–60 of the '281 Patent pursuant to the AIA and 37 C.F.R. § 42.300 (hereinafter the "Aptos '281 Petition"). *Epicor Software Corporation v. Protegrity Corporation*, CBM2015-00006 (PTAB October 7, 2014 and October 31, 2014) (Paper Nos. 1 and 9).

On November 25, 2014, Aptos filed a third Petition requesting a review under the transitional program for Covered Business Method patents of claim 8 of the '201 Patent pursuant to the AIA and 37 C.F.R. § 42.300 (hereinafter the "Aptos '201 Claim 8 Petition"). *Epicor Software Corporation v. Protegrity Corporation*, CBM2015-00030 (PTAB November 25, 2014) (Paper No. 1). Claim 8 had previously been found invalid, but Protegrity used it as a basis to oppose the stay.

In support of the CBM petitions, Aptos submitted the expert declaration of Mr. Bruce Schneier ("Mr. Schneier"). Thereafter, Protegrity attempted to depose Mr. Schneier in the underlying patent litigation (despite the fact that no expert report had been rendered in the district court litigation) and filed an Emergency Motion to Compel Defendant to Produce Mr. Schneier's for Deposition on December 11, 2014, which Aptos opposed on December 12, 2014. [Dkt. Nos. 68 and 69.]

On December 16, 2014, the District Court granted Aptos' Motion to Stay the District Court proceedings and denied (without prejudice to renew at a later time) Aptos' Motion to Compel Infringement Contentions, and Protegrity's Motion to Compel Mr. Schneier's Deposition and Motion to Compel Defendant's Document Production. [Dkt. No. 72.]

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

On November 7, 2014, a Motion to Transfer to the Multi-District Litigation docket (MDL) was filed by Protegrity (and accepted). [MDL No. 3:15-md-02600-JD, Dkt. No. 1.] On February 6, 2015, after proceedings before the MDL panel, this matter was transferred to this Court. [MDL No. 3:15-md-02600-JD, Dkt. No. 20.] This Court then entered a stay on August 10, 2015, pending determinations by the Patent Trial and Appeal Board. [MDL No. 3:15-md-02600-JD, Dkt. No. 55.]

By stipulation, the depositions of the witnesses offered by Protegrity in the CBM proceedings were consolidated. Counsel for Aptos took the lead in the questioning of the witnesses. The deposition of Protegrity's expert witness, Harry Direen, Ph. D., P.E. ("Dr. Direen") was taken on July 22, 2015 ("Direen Dep.") in the CBM matters. Exh. 15. Dr. Direen has testified on several occasions for Protegrity.[2] *Id.*

Dr. Direen testified:

> Q. Okay. Have you ever analyzed any of the software of Epicor?
> A. No, I do not believe so.
> Q. Would you – do you know what type of products Epicor sells?
> A. No, I – I do not.

Exh. 15, Direen Dep., p. 12, lns. 20-22 and p. 13, ln. 24 - p. 14, ln. 2.

Dr. Direen never even examined the accused Epicor Secure Data Manager software, installation guide, or sample database which was provided to counsel on May 7, 2014. *Id.*

On July 23, 2015, Mr. Ulf Mattsson's deposition was taken in the CBM matters ("Mattsson Dep."). Mr. Mattsson is Protegrity's Chief Technology Officer:

> Q. Now, have you ever obtained, to your knowledge – and when I say you, you or anyone at Protegrity – ever obtained a copy of Epicor software – purchase a copy of Epicor software?
> Mr. Pollack: Object to the form. Outside the scope.

---

[2] No stranger to litigation, Protegrity has been a party to over 45 patent litigations. Cass Decl., Exh. 16.

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

The Witness: Of the software?
Q. (By Mr. Cass) Yes.
A. I've seen the – I've not seen the software. I've seen the retail suite, the – some of the software offerings.
Q. Where?
A. On the website.
Q. Just from the website, that's all you've seen?
A. Yeah.
Q. Did you or anyone from your company, to your knowledge, ever acquire a copy of Epicor software?
Mr. Pollack: Object to the form. Outside the scope.
The Witness: Not to my knowledge.

Cass Decl., Exh. 17, Mattsson Dep., p. 141, ln. 20 – p. 142, ln. 15.

According to the letter exchange between counsel for Protegrity and Aptos, neither Protegrity nor its counsel ever acquired a sample of the Aptos' software before commencing this litigation. *See* Cass Decl. Exhs. 18, 19, and 23.

Suni Munshani ("Munshani") is the Chief Executive Officer of Protegrity. Mr. Munshani was previously found to have fabricated evidence in a civil trade secrets dispute in Massachusetts.[3] The criminal proceedings against him were later dismissed. Cass Decl., Exh. 20. At various times Mr. Munshani wrote to various executives at Aptos, disparaging counsel, accusing counsel of being unqualified, of ratcheting up legal fees, and mischaracterizing counsel's qualifications. Cass Decl. Exhs. 21, 22, and 28.

The patents-in-suit were the subject of the following seven (7) Patent Trial and Appeal Board ("PTAB") Final Written Decisions (the "Final Written Decisions"):

1. *Epicor Software Corp. v. Protegrity Corp.*, CBM2015-00002 (April 20, 2016);
2. *Square, Inc. v. Protegrity Corp.*, CBM2015-00014 (April 28, 2016);
3. *Informatica Corp. v. Protegrity Corp.*, CBM2015-00021 (May 31, 2016);
4. *Epicor Software Corp. v. Protegrity Corp.*, CBM2015-00030 (Jun 2, 2016);
5. *Square, Inc. v. Protegrity Corp.*, CBM2014-00182 (March 2, 2016);
6. *Epicor Software Corp. v. Protegrity Corp.*, CBM2015-00006 (April 18, 2016); and
7. *Informatica Corp. v. Protegrity Corp.*, CBM2015-00010 (May 9, 2016).

[3] *Munshani v. Signal Lake Venture Fund II, LP*, 805 N.E.2d 998 (Mass.App.Ct. 2004).

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

Cass Decl., Exhs. 2-8, respectively. In an effort to reduce the burden and costs of litigation, Aptos challenged the validity of Protegrity's patents by pursuing its Petitions before PTAB commencing in October, 2014 through July, 2016. Cass Decl. ¶¶ 39-53, and Exh. 27.

The PTAB's Final Written Decisions invalidate the patents-in-suit in their entirety. On July 13, 2016, the parties stipulated to judgment of invalidity, which was entered by the Court on July 15, 2016. MDL No. 3:15-md-02600-JD [Dkt. Nos. 103 and 106.] All remaining actions concerning the merits were suspended. *Id.* at 106. In the PTAB proceedings, Protegrity attempted to advocate a claim construction for "database," which contradicted its position in earlier litigation. Protegrity also brought various motions to strike Petitioner's expert witness and sought to amend the patent claims. The PTAB rejected these positions. However, Aptos' legal resources were required to oppose them. Cass Decls. ¶¶ 49-50 and Exhs. 24 and 26.

On September 26, 2016, the parties attended a mediation session before Magistrate Judge Ryu. Protegrity failed to have an executive officer with settlement authority present. Cass Decl., ¶ 54.

## III. THE LAW

### A. A Plaintiff Must Undertake a Reasonable Pre-Suit Investigation and Provide Infringement Contentions

A Plaintiff is responsible for conducting a thorough pre-filing investigation and to give defendants disclosure sufficient to "provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement . . . ." *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, 2013 WL 633406 at *3 (N.D. Cal. Feb. 20, 2013). Even if there is little publicly available information, plaintiff still must meet its obligations. *Bender v. Maxim Integrated Prods. Inc.*, 2010 WL 2991257, at *3 (N.D. Cal. July 29, 2010) (plaintiff cannot assert conclusions and effectively shift the burden of identifying his claims to defendant). It is well-

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

settled that either parroting claim language or making vague or boilerplate statements that a limitation is satisfied are insufficient, as neither situation provides a basis for an infringement claim. *Theranos, Inc. v. Fuisz Pharma LLC*, 2012 WL 6000798 at *6 (N.D. Cal. Nov. 30, 2012); *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1026 (N.D. Cal. 2010); *Droplets, Inc. v. Amazon.com, Inc.*, 2013 WL 1563256 (N.D. Cal. Apr. 12, 2013); *Bender v. Infineon Technologies N. Am. Corp.*, 2010 WL 964207 (N.D. Cal. Mar. 16, 2010).

The requirement that infringement contentions be submitted before discovery has begun serves to narrow and focus the subsequent discovery. *Linex Technologies, Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 707 (E.D. Tex. 2008).[4] "The Patent Rules require parties to evaluate their infringement contentions early in litigation, so the case takes a clear path, focusing discovery on building precise final infringement or invalidity contentions and narrowing issues for *Markman*, summary judgment, trial, and beyond." *Id.*

**B. The Standard for An Exceptional Case**

Section 285 of the Patent Act provides, in its totality, that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Until 2014, the Court of Appeals for the Federal Circuit applied a rigid and restrictive test to determine whether a case is "exceptional." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1754 (2014). Before *Octane* Fitness, a case could be deemed exceptional only if the prevailing party showed, by clear and convincing evidence, either litigation misconduct or that

[4] While the District of Connecticut does not have Local Patent Rules, the Parties' Rule 26(f) Report, Section F, requires Protegrity to serve infringement contentions. The provision is substantively identical to the infringement contention Local Rules for the Northern District of California and the Eastern District of Texas (Patent L.R. 3-1 for both) in all relevant aspects. Accordingly, Aptos cites to cases from both those districts as instructive on the proper applications of these obligations.

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

the litigation was both objectively baseless and brought in subjective bad faith – a standard that was exacting to say the least. *Id*.

In *Octane Fitness*, the Supreme Court held that the Federal Circuit's restrictive interpretation was "so demanding that it would appear to render § 285 largely superfluous." *Id.* at 1758. The Court held that a case could be deemed exceptional simply if it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. Now, in exercising their discretion, district courts consider the totality of the circumstances, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6. Moreover, the Supreme Court lowered the standard for proving exceptionality to preponderance of the evidence. *Id.* at 1758.

In *Homeland Housewares, LLC v Sorenson Research*, 581 F. App'x 877 (Fed. Cir. 2014), the Federal Circuit affirmed a finding of an exceptional case and award of attorneys' fees under the *Octane* standard. *Id.* at 882. There, in granting summary judgement, the district court found that Sorenson had "produced no admissible evidence that Homeland's products infringed" and awarded attorneys' fees connected to Homeland's non-infringement defense. *Id*. at 879-80. The court stated that "[a]lthough Sorenson repeatedly attached Homeland's [non-infringement] evidence, it failed to produce its own admissible evidence of infringement." *Id*. at 881. The District Court held, and the Federal Circuit affirmed, that "it was clear and convincing misconduct to make Homeland litigate infringement given the state of Sorenson's evidence." *Id*. at 880. The court recognized that "[a] patent holder has the right to vigorously enforce its presumptively valid patent." But that this right "cannot overpower a litigant's and its counsel's obligation to file cases reasonably based in law and fact and to litigate those cases in good faith."

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

*Id*. at 881.

In *Yufa v. TSI Incorporated et al.*, Case No. 12-cv-1614, 2015 U.S. Dist. LEXIS 106301 (C.D. Cal Aug. 12, 2015) the court held that based on the totality of the circumstances, the infringement action was exceptional. *Id.* at *5. The court found, among other things, that the plaintiff failed to conduct adequate pre-filing investigations, i.e. failed to "interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." The court further noted that the plaintiff should have realized that his case was meritless as the litigation progressed. *Id.* at *3-4.

**C. <u>Attorneys' Fees and Costs May be Awarded for the Work Undertaken in the CBM Proceedings</u>**

The Federal Circuit "interpret[s] attorney fees to include those sums that the prevailing party incurs in the preparation for and performance of legal services *related to the suit*." *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) (emphasis added).

In *Deep Sky Software, Inc. v. Southwest Air Lines Co.*, Case No. 10-cv-1234-CAB (KSC) (S. Dist. Cal.), the Defendant filed a request for reexamination of the asserted patent. The parties moved for a stay of the proceedings. The District Court found the legal services counsel performed for defendant during reexamination of the patent were related to this suit. The court noted that "[r]eexamination was initiated during and in reaction to plaintiff's lawsuit. Further, the PTO's cancellation of the asserted '770 Patent claims on grounds of invalidity disposed of plaintiff's complaint here and made defendant the prevailing party. Thus, just as the parties envisioned when they jointly moved to stay this case, the reexamination proceedings essentially substituted for work that would otherwise have been done before this court. *See PPG Indus., Inc. v. Celanese Polymer Specialties Co., Inc.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988) (the prevailing party was "entitled to reasonable attorney fees based upon the premise that the reissue

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

proceedings substituted for the district court litigation on all issues considered by the PTO and the Board."). Thus, under the unique circumstances of this case, defendant may recover fees for the reexamination proceedings."

**D. How Fees and Costs Are Determined**

In *Henlsey v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court provided the following guidance as to determination of a reasonable fee award:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S. Rep. No. 94–1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Id.* at 433-34. *See also* Cass Decl. Exhs. 24 and 25.

## IV. ARGUMENT

This case is exceptional because the Plaintiff never undertook an adequate pre-suit investigation and filed the action without even examining the accused product. This behavior was compounded by the assertion of seventy claims, all grounded on nothing – "information and belief." Even after plaintiff was provided with a sample database, installation and instruction guide, plaintiff refused to set forth its contentions and did not even bother to have its expert review the Defendant's materials. Cass Decl. Exhs. 1, 13, 14, and 15. Moreover, jurisdiction in Connecticut was improper as Protegrity U.S.A. was not a party. Standing was doubtful because the exclusive licensee (Protegrity U.S.A.) was not a party.

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

Faced with adverse decisions in the CBMs, Protegrity advocated a new definition for "database," created out of whole cloth, which contradicted the position it took in earlier litigation on the same patents. Cass Decl., ¶ 49. All of these activities needlessly made the proceedings more expensive. Finally, the actions of Protegrity's CEO, who has a history of wrongful conduct in civil litigation (having been found to have tampered with evidence), is a further illustration that this litigation was not about seeking justice for wrongful conduct by the Defendant, but rather the use of the judicial system to make money.

## V. CONCLUSION

Defendant Aptos is entitled to an award of attorneys' fees and costs in this action from the Plaintiff, Protegrity. This case is exceptional under 35 U.S.C. § 285, because: (1) Protegrity failed to undertake an adequate pre-suit investigation; (2) the litigation was vexatious; and (3) the Chief Executive Officer attempted to interfere with the attorney-client relationship.

Protegrity's contentions failed to identify which aspects of Aptos' products satisfied the elements of the asserted patent claims. Instead, the contentions merely stated the products infringed "on information and belief," and were completely devoid of the element-by-element analysis required under the law. Further, Protegrity never obtained a copy of the accused product, and did not inspect it before bringing this action. A copy of the accused Epicor Secure Data Manager software, installation guide and sample database was provided to counsel on May 7, 2014. On July 22, 2015, its long-time expert was deposed and testified that he had never examined the accused software and was unfamiliar with Aptos' product line. Even when provided with technical information, Protegrity did nothing with it.

Aptos seeks its fees for this litigation as well as for the associated Covered Business Method Reviews of the two asserted patents at the Patent Office in the amount of $704,652.91 for attorneys' fees and $188,528.44 in costs, totaling $893,181.35. *See* Cass Exhs. 24 and 26.

-15-

APTOS, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285
CASE NO.: 3:15-md-02600-JD; CASE NO.: 3:15-cv-00858-JD

CANTOR COLBURN, LLP
20 CHURCH STREET, 22ND FLOOR
HARTFORD, CT 06103
860-286-2929

Respectfully submitted,

Dated: October 25, 2016

By: /s/ William J. Cass

William J. Cass, ct12806
Email: wcass@cantorcolburn.com
Andrew C. Ryan, ct21565
Email: ryan@cantorcolburn.com
Tasia E. Hansen, ct29498
E-mail: thansen@cantorcolburn.com
Herbert M. Bedingfield, ct29559
E-mail: hbedingfield@cantorcolburn.com
CANTOR COLBURN LLP
20 Church Street, 22nd Floor
Hartford, CT 06103
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

Counsel for Defendant,
Aptos, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2016 a true and correct copy of the foregoing document was filed and served electronically by this Court's CM/ECF system on all parties of record.

By: /s/ William J. Cass
William J. Cass

-16-
APTOS, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285
CASE NO.: 3:15-md-02600-JD; CASE NO.: 3:15-cv-00858-JD